**CHARLES F. CARNESI**
*Attorney at Law*
1225 Franklin Avenue
Suite 325
Garden City, New York 11530

TELEPHONE
(516) 512-8914

TELECOPIER
(516) 873-8881

August 23, 2009

**Via ECF and Fax**
Honorable Joseph F. Bianco
United States District Judge
Eastern District of New York
100 Federal Plaza, Room 920
Central Islip, NY 11722

Re:     *United States v. Romano*, 09 Cr. 170 (JFB)

Dear Judge Bianco:

We request a hearing to determine whether Joseph Romano (one several defendants in the referenced action) is entitled to the return of various properties and bank accounts that the government seized in connection with the referenced action.

The government charges Joseph Romano and his codefendants principally with mail and wire fraud.  The allegation in a nutshell is that the defendants defrauded investors of approximately Forty Million Dollars ($40,000,000) through the operation of a business selling collectable coins.

In connection with the fraud charges, the government seeks forfeiture of various property owned by the defendants and has seized numerous bank accounts and several pieces of real property.  It is our position that a considerable portion of the assets that the government seized from Joseph Romano constitutes substitute assets that were improperly seized and must be returned.  *United States v. Gotti*, 155 F.3d 144, 149-50 (2d Cir. 1998) (law does not permit the pre-conviction seizure of substitute assets).

In the affidavit that the government submitted in support of the seizure warrants, the government alleges that Romano received $7,200,000 from the charged scheme to defraud. *Affidavit in Support of Seizure Warrants* at 14.  Accordingly, any amount above the $7,200,000 that Romano allegedly received from the charged scheme must necessarily constitute substitute assets.  Here, though the government does not label any of the seized assets as substitute assets,

Honorable Joseph F. Bianco
August 23, 2009
Page 2 of 2

the government has seized in excess of Ten Million Dollars from Romano.  Thus, approximately Three Million Dollars constitute substitute assets that cannot be restrained prior to a conviction.

Consequently, we seek a hearing to ascertain which of Romano's assets the government has properly seized and which must be released.  The need for the requested hearing is particularly acute because Romano currently is unable to meet his monthly expenses to support his family and cannot pay the legal fees required to defend himself in this action.

Respectfully,


_____/s/_____
Charles Carnesi

cc:    All Counsel (via ECF)