

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

KAN:DLB

September 8, 2009

Honorable Joseph F. Bianco
United States District Court
100 Federal Plaza
Central Islip, New York 11722

       RE: <u>United States v. Joseph Romano, et. al</u>.
         CR-09-170 (JFB)

Dear Judge Bianco:

      This letter is respectfully submitted in accordance with the Court's order of August 25, 2009, directing the government to respond to the Defendant's request for a hearing with regard to the return of certain properties that have been restrained by the government. (<u>See</u> Defendant's letter dated August 23, 2009, Docket Entry #126). Contrary to the Defendant's claim, the government did not restrain substitute assets. Further, the Defendant has not established his right to a hearing in accordance with the <u>Jones</u>-<u>Farmer</u> rule, as explained below. Accordingly, the Defendant's application must be denied.

      Defendant essentially maintains that the seizure warrant affidavits allege that the Defendant received approximately 7.2 million dollars from the mail fraud, wire fraud and money laundering conspiracies, thus, than any amount above 7.2 million dollars necessarily constitutes substitute assets. (<u>See</u> Defendant's Letter, dated August 23, 2009, p. 1). The Defendant does not cite any authority for his position and his reliance on <u>United States v. Gotti</u>, 155 F.3d 144 (2d. Cir. 1998) is erroneous and misplaced. In <u>Gotti</u>, the government specifically sought the restraint of substitute assets. 155 F.3d at 146. The Second Circuit held that 18 U.S.C. § 1963 (d)(1)(A) did not authorize the pretrial restraint of substitute assets. <u>Id.</u> at 150. In the instant matter, the government did not seek the restraint of substitute assets. Defendant's instant application improperly seeks to challenge the probable cause findings of the grand jury and the Court, as detailed below.

## I.    The Government Did Not Restrain Substitute Assets

      Here, the government sought the restraint of properties or assets that are either proceeds of, or property involved in, the crimes charged in the indictment. The indictment specifically alleges in, relevant part, that in accordance with 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) certain properties were derived from the proceeds of the mail and wire fraud

1

conspiracies.  (See Indictment at ¶ 26, Criminal Forfeiture Allegation as to Count One).
Proceeds of a mail fraud or wire fraud conspiracy are directly forfeitable:

> Under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property "which
> constitutes or  is derived from proceeds traceable to . . ." a violation of mail or wire
> fraud, or a conspiracy to commit such offense, is subject to criminal forfeiture. Id.; see
> also §1956(c)(7)(A) & 1961(1)(B)(listing mail and wire fraud as a "specified unlawful
> activity" under § 981(a)(1)(C)); see alsoPasquantino v. United States, 544 U.S. 349, 125
> S. Ct.  1766, 1787, 161 L.Ed.2d 619 (2005)(Ginsburg, J., dissenting) (stating that wire
> fraud is a predicate offense under 18 U.S.C.  §1961(1)); United States v. All Funds
> Distributed To, or o/b/o Weiss, 345 F.3d 49, 53 (2d Cir. 2003)….The term "proceeds"
> in § 981(a)(1) is defined as: In cases involving illegal goods, illegal services,
> unlawful activities, and telemarketing and health care fraud schemes, the term
> "proceeds" means property of any kind obtained directly or indirectly, as the result of the
> commission of the offense giving rise to forfeiture, and **any property traceable thereto,
> and is not limited to the net gain or profit realized from the offense**.

United States v. Schlesinger, 396 F. Supp. 2d 267, 278 (E.D.N.Y. 2005)(emphasis supplied).

The indictment also alleged that certain properties are forfeitable under 18 U.S.C. § 982
(a)(1), which requires the forfeiture of any property involved in the commission of a money
laundering conspiracy. (See Indictment at ¶ 28, Criminal Forfeiture Allegation as to Count Two).
Under 18 U.S.C. § 982, "any property, real or personal, involved in such offense, or any property
traceable to such property" is subject to criminal forfeiture. The term "involved in" has
consistently been interpreted broadly by courts to include any property involved in, used to
commit, or used to facilitate the money laundering offense.  Id. at 272.

Accordingly, "proceeds," under either the money laundering statute or the mail and wire
fraud statutes, are not limited to the net gain or profit that a defendant realizes, contrary to the
Defendant's assertion.  The government is seeking a forfeiture money judgment of at least 40
million dollars, the approximate amount received by the Defendant as a result of the money
laundering conspiracy, and the commission of the mail fraud and wire fraud.

## II.      The Defendant Has Not Met the Requirements of the Jones-Farmer Test

As the Court is aware, in United States v. Monsanto, 924 F.2d 1186, 1191 (2d Cir. 1991)
(en banc) ("Monsanto IV"), the Second Circuit held that, if assets are restrained, "a pre-trial
adversary hearing is required where the question of attorney's fees is implicated."  The vast
majority of the cases that have examined Monsanto IV have adopted what is often called the
Jones-Farmer rule, so named after the Tenth and Fourth Circuits' decisions in United States v.
Jones, 160 F.3d 641, 647-48 (10th Cir. 1998), and United States v. Farmer, 274 F.3d 800, 804-05
(4th Cir. 2001).  Applying Jones, Farmer, and their progeny to the facts of this case, the
Defendant's application should be denied.

Under the Jones-Farmer rule, courts will continue post-indictment, pre-trial restraints
unless and until the defendant establishes both: (1) an actual need for the restrained assets for

attorneys' fees or living expenses; and (2) that there is some substantial evidence that the assets are not forfeitable.

The right to a hearing and/or release of funds is triggered **only** once both elements have been satisfied. Jones, 160 F.3d at 647-48 (emphasis added) (defendant challenging pre-trial restraint of assets alleged to be forfeitable has initial burden of showing that she has no funds other than the restrained assets to hire private counsel or to pay living expenses, and that there is a bona fide reason to believe the restraining order should not have been entered); United States v. All Funds (Jaeggi), No. CV-05-3971, 2007 WL 3076952, *7 (E.D.N.Y. Oct. 17, 2007) (Feuerstein, J.) (conclusory allegations of tax obligations and inadequate assets to pay attorneys fees and living expenses insufficient to satisfy Jones-Farmer rule). Accord United States v. Yusuf, 1999 Fed. Appx. 127, 2006 WL 2578380, *4 (3d Cir. Sept. 7 2006) (court must require defendant to establish both Jones requirements); United States v. Morrison, No. CR-04-699, 2006 WL 2990481, *6 (E.D.N.Y. Oct. 19, 2006) (Hurley, J.) (a hearing on the pre-trial restraint of assets is required only when the defendant shows that he needs the money to hire counsel or for living expenses); United States v. Lewis, Crim. No. 04-403, 2006 WL 1579855 at *8-10 (D. Minn. June 1, 2006) (denying defendant's right to a hearing because she could satisfy neither of the Jones requirements); United States v. Galante, No. 3:06CR161, 2006 WL 3826701, *3 (D. Conn. Nov. 28 2006) (holding that defendants will be entitled to a hearing only if they can show that access to the restrained monies is necessary to retain counsel); United States v. Varner, No. 505CR00025, 2005 WL 2206083, *1 (W.D. Va. Sept. 9 2005) (denying request for a hearing because defendant did not establish that he was "completely unable to afford counsel without resorting to the restrained assets"); United States v. Wittig, No. 03-40142, 2004 WL 1490406, *2 (D. Kan. June 30 2004) (defendant has burden of establishing both prongs of Jones test); United States v. St. George, 241 F. Supp. 2d 875, 878-80 (E.D. Tenn. 2003) (defendant must make threshold showing of both Jones criteria); United States v. Jamieson, 189 F. Supp. 2d 754, 757 (N.D. Ohio 2002) (defendant must show that he has no access to funds from friends or family), aff'd, 427 F.3d 394 (6th Cir. 2005). But see United States v. Bissell, 866 F.2d 1343, 1354 (11th Cir. 1989)(no post-restraint hearing is required, even if the Sixth Amendment is implicated); contra United States v. Torres-Ramos, No. CR-06-656(A), 2008 WL 4290584 *1 (C.D. Cal. Sept. 17, 2008) (Wilson, J.)(defendant granted a pre-trial post-restraint hearing as to likelihood of conviction of the charged offenses and whether property at issue subject to forfeiture).

In returning the indictment, the grand jury found probable cause to believe that the properties were either proceeds of the crimes charges or property involved in the commission of the crimes charged. The grand jury's finding of a probable cause nexus between the premises and the offense is accorded great deference in challenges to pre-trial restraint of assets, and a number of courts have held that such a finding, in and of itself, provides a basis for restraining the directly forfeitable assets identified in the indictment. See e.g., United States v. Jamieson, 427 F.3d 394, 405 (6th Cir. 2005); United States v. Bollin, 264 F.3d 391, 421 (4th Cir. 2001); United States v. Musson, 802 F.2d 384, 387 (10th Cir. 1986); But see United States v. Monsanto IV, 924 F.2d 1186, 1200 (2d Cir. 1991). Indeed, the legislative history of section 853 indicates that Congress intended for the grand jury's finding of probable cause to be given considerable weight:

> For the purposes of issuing a restraining order, the probable cause established in the indictment or information is to be determinative of any issue regarding the merits of the government's case on which the forfeiture is based.

S. Rep. No. 98-225, 203 (1984), reprinted in 1984 U.S.C.C.A.N. 3182, 3386. "The purpose of a restraining order proceeding, after all, is to preserve at-risk property for trial, not to determine whether the property should have been included in the indictment." United States v. Real Property in Waterboro, 64 F.3d 752, 756 (1st Cir. 1995).

In the instant matter, the government also sought, and obtained, orders from the Court, which reviewed the government's submissions and found probable cause for the restraint. (see Court ordered seizure warrants, dated November 21, 2008 and November 25, 2008). These probable cause determinations are also entitled to deference. Illinois v. Gates, 462 U.S. 213, 236 (1983) ("determination of probable cause should be paid great deference by reviewing courts"); United States v. Moore, 968 F.2d 216, 222 (2d Cir. 1992) (a magistrate's determination is entitled to "great deference") (quoting United States v. Leon, 468 U.S. 897, 914 (1984)); United States v. Jakobetz, 955 F.2d 786, 803 (2d Cir. 1992) ("[d]eterminations by magistrates and judges who issue warrants are accorded great deference and any doubts should be resolved in favor of upholding the warrants"). As the Second Circuit has held, "if the [g]overnment succeeds in establishing probable cause, the policy favoring forfeiture precludes any constitutional requirement that the equities be further weighed or balanced." Monsanto IV, 924 F.2d at 1196. Therefore, because the government has already successfully established probable cause, Defendant's application must be denied, and his interest in the premises must remain restrained. See e.g., Yusuf, 2006 WL 2578380 at *5 n.3 (if government establishes probable cause, then funds remain restrained); Jamieson, 427 F.3d at 405 (because government established probable cause, property remains restrained and CJA counsel is appointed).

Accordingly, the properties have been restrained based upon a probable cause finding by the grand jury and by the Court that the restrained properties are proceeds of a crime and are directly forfeitable.

Finally, although the Defendant claims he needs funds for living expenses and legal fees, Defendant's conclusory, unsworn statement by an attorney that the Defendant needs funds is inadequate to meet the Defendant's burden necessary to trigger a hearing with the Court on that issue. (See Defendant's Letter, p. 2).

4

Based on the foregoing, the Defendant's request for a hearing should be denied. Thank you for your consideration of this matter.

Very truly yours,
BENTON J. CAMPBELL
UNITED STATES ATTORNEY


BY: /s/Diane Leonardo Beckmann
Diane Leonardo Beckmann
Assistant U.S. Attorney
(631) 715-7854


cc: Charles Carnesi, Esq. by ECF