**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*610 Federal Plaza*

*Central Islip, New York 11722*

LTG:TMS
F.#2007R01344

August 26, 2010

**VIA ECF**

The Honorable Joseph F. Bianco
United States District Court
Eastern District Of New York
100 Federal Plaza
Central Islip, NY 11722

Re: United States v. Joseph Romano, et al.
Criminal Docket No. 09-170 (S-2) (JFB)

Dear Judge Bianco:

The government submits this letter to augment its August 23, 2010 letter requesting an *in limine* ruling that, pursuant to Federal Rule of Evidence 404(b), prior bad act evidence and uncharged crimes are admissible at trial to prove defendant Joseph Romano's ("J. Romano") intent, preparation, plan, knowledge and absence of mistake or accident in direct contrast to his proffered defense.

As set forth in more detail herein, the government seeks to introduce, at trial, evidence of J. Romano's involvement in a third fraudulent coin telemarketing scheme[1] to rebut his "absentee owner" defense.

[1] The first scheme is the charged fraud scheme in connection with Last Quarter Coin (LQC), All American Coin (AAC) and All American Coin Company (AACC). The second scheme is the uncharged fraud scheme discussed in the August 23rd submission in connection with Collectible Coins Inc. (CCI).

Background

J. Romano, along with three others, are charged in a two-count indictment with conspiracy to commit mail and wire fraud (Count One) and conspiracy to commit money laundering (Count Two). The indictment also contains two forfeiture allegations.

The indictment alleges that between August 2001 and November 2008, LQC, AAC and AACC ("Subject Companies") were engaged in the business of telemarketing coins. The indictment further alleges that during the sale of coins, J. Romano, and others acting at his direction, falsely informed customers that substantial profits would be realized by investing in coins and induced customers to purchase and continue to purchase coins by falsely promising the customers that investors existed who would purchase the coins from the customers once the customers had purchased an artificially created "complete roll set." J. Romano, and those acting at his direction, also misrepresented the grade or condition of the coins. In actuality, customers purchased coins valued at substantially less than their purchase price and no investor existed to purchase customers' coins.

The Proffered Evidence

A cooperating witness (CW) is expected to testify that in 1992, Michael Romano was the president of Wall Street Rare Coins ("WSRC"), a coin boiler room,[1] and J. Romano was the vice-president of WSRC. The CW, a salesperson working at WSRC, is expected to testify that J. Romano trained and supervised salespeople to use the "complete roll set" pitch and the "investor" pitch to fraudulently induce customers to purchase coins.

As described by the CW, the "complete roll set" pitch at WSRC was an artificially created set of coins which investors were told if they completed (meaning purchased every coin in the set), the set would be worth more collectively as an investment and could be sold at a substantial profit.

The "investor" pitch at WSRC was described by the CW as a promise made to customers that if they purchased coins from WSRC

[1] Michael Romano has since been charged under criminal docket number 09-CR-168 (TCP) with mail and wire fraud conspiracy in connection with his activities at WSRC and two other coin boiler rooms.

and decided they did not like the coins, an "investor" would buy the coins from the customers at a profit.

Argument

The government intends to offer evidence of J. Romano's involvement in WSRC as relevant evidence of his knowledge, intent, plan, preparation and absence of mistake in connection with the charged fraud and in direct contradiction to his proffered defense: that he was unaware of the existence of the fraud and any misrepresentations made by his salespeople were made without his knowledge. In that regard, evidence that J. Romano was involved in an almost identical conspiracy years earlier is probative of J. Romano's intent to defraud investors in the instant case.

Both the WSRC fraud scheme and the instant offense involve soliciting investors using the telephone, knowingly making misrepresentations to the investors, including the "complete roll set" and "investor" pitches and the sale of overvalued and overgraded coins. As the WSRC misrepresentations and acts are so similar in nature to the misrepresentations in the instant case, they are admissible to rebut J. Romano's proffered defense of lack of knowledge or intent.

In conclusion, this evidence is admissible to prove plan, knowledge, and absence of mistake or accident, and, is therefore admissible to rebut the defense of lack of knowledge or intent.

Thank you for your consideration.

Respectfully submitted

LORETTA E. LYNCH
UNITED STATES ATTORNEY

By: *Lara Treinis Gatz*
Lara Treinis Gatz
Thomas M. Sullivan
Assistant United States Attorneys

cc: Clerk of Court (JFB)