**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

LTG:TMS
F.#2007R01344

*610 Federal Plaza*
*Central Islip, New York 11722*

September 8, 2010

**By Hand Delivery and ECF**

The Honorable Joseph F. Bianco
United States District Court
Eastern District Of New York
100 Federal Plaza
Central Islip, NY 11722

Re: United States v. Joseph Romano, et al.
Criminal Docket No. 09-170 (S-2) (JFB)

Dear Judge Bianco:

The government submits this letter at the Court's request to further explain its August 23, 2010 letter seeking admission of (a) Vincent Romano's threat of CW-2; and (b) drug use by Joseph Romano, Salvatore Romano and Kevin Wells, pursuant to Federal Rule of Evidence 404(b).

I. Vincent Romano's Threat Of CW-2

On January 7, 2010, after a status conference in this case, Vincent Romano told CW-2 that "We know there's a rat and if it's you, you will be going to the same jail as us and there's things we'll be able to do." This incident occurred in the waiting area of the Pretrial Services Office, on the third floor of this building. Both Vincent Romano and CW-2 were waiting to report to their Pretrial Services officer. Neither counsel for Vincent Romano, CW-2, or any other attorney was present when this incident took place. To the best of CW-2's recollection, no one else was present when Vincent Romano made this statement.

II. Drug Use By Joseph Romano, Salvatore Romano And Kevin Wells

At trial, the government intends to call a cooperating witness (CW-3) who is expected to testify that Joseph Romano, Salvatore Romano and Kevin Wells used illegal drugs while they

were all employed at the Subject Companies. The government would seek to introduce the following instances of drug use:

1. In the summer of 2006, CW-3 and Kevin Wells met Joseph Romano at the Wantagh Long Island Rail Road train station. Joseph Romano, Wells and CW-3 went to a bar named Guido's Irish Pub, in Wantagh, and then proceeded to Joseph Romano's Levittown home, at 22 Slate Lane, where Joseph Romano, Wells and CW-3 used cocaine.

2. Kevin Wells and CW-3 used cocaine in a bathroom at Mulcahy's Pub and Concert Hall in Wantagh in the winter of 2007.

3. Between Summer 2006 and November 2008, Salvatore Romano used cocaine with CW-3 on approximately 10 to 12 occasions. On all of those occasions, Salvatore Romano provided the cocaine.

4. Joseph Romano and CW-3 have used cocaine together approximately 50 times during their 20-year friendship.

5. Between Summer 2006 and November 2008, CW-3 witnessed Salvatore Romano using cocaine at work in the bathroom of the Subject Companies. During this time period, Salvatore Romano also used cocaine at Joseph Romano's home on several occasions, in the presence of CW-3, prior to going to work at the Subject Companies.

Evidence of illegal drug use among co-conspirators is probative to demonstrate their relationship. United States v. Rosa, 11 F.3d 315, 334 (2d Cir. 1993)("[I]t is within the court's discretion to admit evidence of prior acts to inform the jury of the background of the conspiracy charged, in order to . . . explain the mutual trust that existed between coconspirators."); United States v. Alonso, 740 F.2d 862, 869 (11th Cir. 1984)(admitting evidence of defendant police officers' personal use of cocaine under 404(b) because "the consumption of cocaine by the defendants strengthened their trust in one another.").

The government believes that the defendants will attempt to argue that the acts of the cooperating witnesses are not attributable to them, because they were not aware that these witnesses were making misrepresentations to potential customers of the Subject Companies. Evidence of illegal drug use by these defendants, with the cooperating witnesses, is probative to the jury's determination of the cooperators' conspiratorial relationship with the defendants. The defendants' decision to

use illegal drugs, with or in front of their co-conspirators, is probative to their level of trust in those co-conspirators.

## II. Conclusion

For the reasons stated in the government's letter dated August 23, 2010, the Court should permit the government to introduce testimony concerning (a) Vincent Romano's threatening of a co-conspirator after the January 7, 2010 status conference in this case; and (b) illegal drug use by Joseph Romano, Salvatore Romano and Kevin Wells with other co-conspirators.

Thank you for your consideration.

Respectfully submitted

LORETTA E. LYNCH
UNITED STATES ATTORNEY

By: /s/ Thomas M. Sullivan
Thomas M. Sullivan
Lara Treinis Gatz
Assistant United States Attorneys

cc: Clerk of Court (JFB)
Counsel of Record (By ECF)