**Meringolo & Associates, P.C.**
11 Evans Street
Brooklyn, NY 11201
(347) 599-0992 / (212) 202-4936 fax
www.meringoloesq.com

September 9, 2010

Honorable Joseph F. Bianco
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Re: United States v. Joseph Romano, et al.
Criminal Docket No. 09-170 (S-2) (JFB)

Dear Judge Bianco:

I respectfully submit this joint-defense letter on behalf of my client, Defendant Salvatore Romano and co-defendant's Joseph Romano, Vincent Romano and Kevin Wells in response to the government's September 8, 2010 letter seeking the admission of (a) Vincent Romano's alleged threat of CW-2; and (b) alleged drug use by Joseph Romano, Salvatore Romano and Kevin Wells, pursuant to Federal Rule of Evidence 404(b).

I. Vincent Romano's Alleged Threat of CW-2

CW-2 alleges that he was threatened at the waiting area of the Pretrial Services Office on the third floor of the courthouse on January 7th, 2010. *See* page 1 *Govt.'s Letter to Judge Bianco* dated Sept. 8, 2010. As the court is aware, initially CW-2 claimed that defendant Salvatore Romano made the threat. *See* page 10 *Govt.'s Letter to Judge Bianco* dated August 23, 2010. During Oral Arguments on September 7th, 2010 the government gave conflicting statements, instead offering that co-defendant Vincent Romano made the alleged threat. Adding further doubt to the credibility of the threat, the government has failed to accurately assert a location where the alleged threat could have conceivably taken place. While the government claims that the threat occurred at the waiting area of the Pretrial Office on the **third** floor of the courthouse, the Defendants report to the Pre Trial Office on the second floor and in fact had never been to the third floor on January 7th, 2010. The continuing confusion regarding the circumstances and even the declarant of the threat make it difficult to give any credibility to the allegation. Furthermore, the allegations demonstrate that CW-2 is inconsistent and unreliable and we request that the government review all previous statements made by CW-2.

The government is asking the court to admit a serious allegation made by an inconsistent witness that is not only unreliable, but also extremely prejudicial since it "involves violence" and is and likely to "arouse irrational passions" in the jury requiring exclusion under Rule 403. *Smith v. Rosa,* 727 F.2d at 220. In *Smith v. Rosa*, the case relied upon by the government in the instant matter, the court framed the issue as whether the probative "value of the evidence is 'worth what it costs.' " *Rosa*, 727 F.2d at 220 (quoting *United States v. Leonard,* 524 F.2d at 1091). In *Rosa*, the similar act evidence of fraud was held not to be unduly prejudicial since it did not involve violence or conduct likely to arouse irrational passions.

The value of the evidence is not worth what it costs. Here, the government seeks to introduce evidence of violent conduct into a nonviolent case. The alleged statement by Vincent Romano to CW-2 that "you will be going to the same jail as us and there's things we can do" makes the defendant appear violent. There have been no other allegations of violence in this case. The prosecution is attempting to portray defendant Vincent Romano as a violent man trying to usurp the justice system. This allegation is likely to arouse irrational passion in the jury and contradicts the view of prejudicial evidence as stated in *Rosa*. Finally, evidence of a violent crime such as a threat could be considered witness tampering, an extremely serious offense, which is substantially more prejudicial then probative and likely to inflame the minds of the jury.

<u>II. Alleged Drug Use By Joseph Romano, Salvatore Romano and Kevin Wells</u>

Pursuant to Fed. R. Evid. 402 and 403, evidence of drug use or supplying drugs must be precluded on the grounds that it is irrelevant, creates an unfair prejudice against Defendant Romano and Defendants Joseph Romano and Kevin Wells, and serves no probative value.

The allegations of illegal drug use or the supplying of drugs is irrelevant to the instant fraud case. The government's stated objective of introducing evidence of illegal drug use is not only to establish a conspiratorial relationship between the defendant's and the cooperating witnesses, but also to show that the defendants were aware that the cooperating witnesses were making misrepresentation to potential customers of the Subject Companies. *See* page 2 *Govt.'s Letter to Judge Bianco* dated Sept. 8, 2010.

While it has been held that the commission of prior bad acts by co-conspirators is admissible to show the existence of a conspiratorial relationship absent undue prejudice, the government has stretched it's argument too thin in attempting to use the alleged cocaine use to infer the defendants knowledge or intent to engage in the fraudulent act of a cooperating witness. The Second Circuit held that the probative value of prior bad acts used to prove willfulness or intent is dependent on the existence of a close parallel between the crime charged and the acts shown. *US v. Leonard* 524 F. 2d 1076 at 1091; 2 Wigmore, Evidence s 302 at 200-01 (3 ed. 1940). Here, there is no fathomable parallel, let alone a close one, between the alleged use or supply of cocaine and the accusations of fraud. Furthermore, the unconvincing relationship between the defendants alleged drug use and supply and the defendant's knowledge of cooperating witnesses fraudulent

behavior renders the drug evidence irrelevant to the fraud allegations. Therefore, the prejudicial evidence of drug use and supply should not be admitted to serve such a tenuous argument.

Furthermore, propriety of the admission of prior bad acts evidence also depends on whether its probative value is outweighed by its prejudicial potential or confusion of the jury. Any illegal drug use or the supplying of drugs alleged by the government will prejudice and inflame the minds of jurors. Allegations of habitual cocaine use will encourage a jury to make an emotional or irrational decision, or to use the evidence in a manner not permitted by the rules of evidence. See *United States v. Hands*, 184 F.3d 1322 (11th Cir. 1999) (cocaine-related conviction reversed due to admission of evidence that the defendant abused his wife: "The domestic violence evidence in this case was particularly likely to incite the jury to an irrational decision because it was graphic and arresting.").

If the government seeks to establish the nature of the relationship between the Defendants and co-conspirators, it can accomplish this through ***relevant*** evidence that will not create a severe negative perception in the minds of jurors. For example, "the accomplice witness[es] certainly can describe [their] long-standing" relationship with the Defendants Salvatore and Vincent Romano without smearing them as threatening a co-defendant; "this will give the jury" an adequate "basis for understanding why [the Defendants ostensibly] trusted [them]." *Nachamie*, 101 F. Supp. 2d at 142-43.

As the court is aware, there is audio and video of the defendants interacting with the cooperating witness, hence that is sufficient evidence to establish their relationship. Moreover, if the court rules that the drug use is admissible, the defendants request that the court preclude any evidence that defendant Salvatore Romano supplied the drugs. Such information would improperly insinuate that defendant Salvatore Romano is a drug dealer and confuse and prejudice the jury.

## III. Conclusion

For the reasons stated, this Court should deny the government's motion to provide evidence of the alleged threat made to CW-2 and Defendant Romano and Defendants Salvatore Romano and Kevin Wells alleged illegal drug use, and Defendant Romano's alleged illegal supplying of drugs.

Respectfully,

By: /s/ John C. Meringolo
**JOHN C. MERINGOLO, ESQ.** (JM3487)
*Attorneys for Defendant Salvatore Romano*

cc: Defense Counsel
AUSA Lara Gatz