**Meringolo & Associates, P.C.**
11 Evans Street
Brooklyn, NY 11201
(347) 599-0992 / (212) 202-4936 fax
www.meringoloesq.com

September 14, 2010

**VIA ECF**

Honorable Joseph F. Bianco
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 10007

Re: *United States v. Joseph Romano, et al,* 09 Cr. 170 (JFB)

Your Honor:

I appear in this matter currently as counsel for Defendant Salvatore Romano ("Romano"). Please accept this joint defense letter-brief on behalf of Defendant Romano, and Defendants Vincent Romano, Salvatore Romano, Joseph Romano and Kevin Wells (collectively referred herein as "co-Defendants") in opposition to the government's August 23, 2010, "motion *in limine* to introduce certain evidence" – specifically, prior bad acts and uncharged crimes evidence – at the upcoming trial (*See* "Govt. Mem."). The government's submission of Defendants involvement in telemarketing fraud subsequent to the indictment in the instant case will create unfair prejudice against the Defendants that substantially outweighs the probative value of the evidence while confusing the jury by bringing and entirely separate set of events into this trial. For the reasons stated below, the government's motion should be denied, and the evidence of defendant Joseph Romano's telemarketing fraud scheme should be precluded.

The government first proposes to prove through the testimony of cooperating witnesses that Defendants participated in the same exact conspiracy in Florida, as charged in the indictment, while out on bail. The submission of such extrinsic evidence is prejudicial to Defendant Romano and has no probative value. Furthermore, the spill over prejudice the government's proposed submission will create for the co-Defendants is categorically more overwhelming than any probative value it may possess. This is a deliberate attempt by the government to introduce extraneous propaganda in an effort to distract the jury from the relevant issues in the instant action and prejudice the Defendants.

The government offers as a basis for the admission of the separate alleged Florida fraud its relevancy in establishing Defendant Romano's knowledge, intent, plan, preparation, and absence of mistake with regard to the existence of the alleged fraud in the instant case. The Court is aware that the Government has in its possession audio and visual recordings of Joseph Romano that it intends to use to illustrate knowledge and awareness in respect to the charged offenses. Assuming that in his defense, Defendant Romano denies having knowledge of the fraud in the instant case, the best evidence and most compelling evidence will be the audio and visual recordings of Joseph Romano. *See* 2 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence* ("Weinstein"), § 404.21[3][a] (Joseph M. McLaughlin, ed., Matthew Bender 2d ed. 2004) ("the availability of other, less prejudicial, evidence on the point ... reduces the probative value of a given item of extrinsic evidence"); *Old Chief v. United States*, 519 U.S. 172, 182-83 (1997) (court should "discount" item's probative value when "faced with less risky alternative proof going to the same point"); *Nachamie*, 101 F. Supp. 2d at 141-46

(excluding proffered 404(b) proof as "cumulative" where "other, less prejudicial evidence was available"). Given the "less prejudicial evidence on point" and at governments disposal, mainly the audio and visual recordings of Defendant Joseph Romano, the evidence of the alleged Florida fraud is not necessary for the jury to make the determination as to whether or not Defendant Romano committed any of the crimes alleged in the instant action and there is little probative justification for introducing said evidence.

Not only is the evidence of the alleged fraud in Florida lacking in probative worth in light of the audio and visual recordings, but it is also highly prejudicial to Defendants. Pursuant to Fed. R. Evid. 403, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice…" Under this rule, the mere fact that evidence is relevant to an issue in dispute does not ensure its admissibility, if its capacity for unfair prejudice outweighs its probative value. *U.S. v. Matera* 489 F.3d 121, C.A.2 (N.Y.) 2007.

According the to Second Circuit, "When a defendant engages in a criminal enterprise which involves very serious crimes, there is a likelihood that evidence proving the existence of the enterprise through its acts will involve a considerable degree of prejudice. Nonetheless the evidence may be of important probative value in proving the enterprise". *Matera* 489 F.3d 121. Here, the evidence of the alleged fraud in Florida is highly prejudicial since it involves a serious crime and, more pertinently, as explained above, evidence of defendants knowledge of the fraud can be established more directly via video and audio recordings, rendering the evidence of the alleged fraud in Florida of no significant probative value.

The evidence of the alleged fraud in Florida, which occurred years after the fraud in the instant case, is not only lacking in probative worth and highly prejudicial, it will also confuse the jury and create a trial within a trial. Pursuant to Fed. R. Evid. 403, "evidence may be excluded if its probative value is substantially outweighed by the danger of … confusion of the issues, or misleading the jury…" Pursuant to Fed. R. Evid. 401, the alleged, uncharged crimes set forth above are attributable to a wholly separate indictment and set of events and will confound the two trials in the mind of the jurors. The government should not be permitted to conduct what is essentially a trial within a trial by trying to prove that a separate fraud occurred in Florida years after the alleged fraud instant case is claimed to have occured. This information will certainly confuse the jury, and as stated above the government has alternative means of proving defendant's knowledge in the instant action.

For the foregoing reasons, the government's motion *in limine* to include evidence that Defendant Romano allegedly committed crimes after the alleged charges in the Indictment should be denied by this Court.

Respectfully,

By: /s/ John C. Meringolo
**JOHN C. MERINGOLO, ESQ.** (JM3487)
*Attorney for Defendant Salvatore Romano*

Enclosures
cc: AUSA Lara Gatz via ECF
All counsel via ECF