**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*610 Federal Plaza*
*Central Islip, New York 11722*

LTG:TMS
F.#2007R01344

September 26, 2010

**VIA ECF**

The Honorable Joseph F. Bianco
United States District Court
Eastern District Of New York
100 Federal Plaza
Central Islip, NY 11722

Re: United States v. Joseph Romano, et al.
Criminal Docket No. 09-170 (S-2) (JFB)

Dear Judge Bianco:

The government submits this letter to request that the Court reconsider its decision of September 22, 2010 denying the government's request to introduce evidence that Salvatore Romano used cocaine with his co-conspirators in order to establish the basis for the coconspirators relationship of mutual trust, pursuant to Federal Rule of Evidence 404(b).[1]

The Proffered Evidence

A cooperating witness (CW) is expected to testify that between Summer 2006 and November 2008, Salvatore Romano used cocaine with the CW on approximately 10 to 12 occasions.

[1] The Court has already ruled nearly identical evidence admissible against Joseph Romano as his counsel advised the Court that he expected to cross-examine the cooperating witnesses regarding their drug use thus opening the door to the admission of that evidence. There is no allegation that the defendant Vincent Romano used cocaine.

The CW is further expected to testify that between Summer 2006 and November 2008, the CW observed Salvatore Romano using cocaine at work in the bathroom of the Subject Companies. The CW is also expected to testify that during this time period, Salvatore Romano also used cocaine at Joseph Romano's home on several occasions, in the presence of the CW, in the morning prior to going to work at the Subject Companies.

Argument

As previously indicated, evidence of Salvatore Romano's drug use with and in front of his coconspirators is admissible pursuant to Federal Rule of Evidence 404(b) to establish the basis for the coconspirators relationship of mutual trust.

In United States v. Huiswoud, 101 F.3d 1392 (July 2, 1996), the Second Circuit affirmed a district court's admission of testimony from a cooperating witness about the defendant Huiswoud's uncharged drug use in a bank and wire fraud conspiracy case as it "served to inform the jury of the background of the conspiracy charged, and to "help explain to the jury how the illegal relationship between the participants in the crime developed." Id. The Court went on to say that "evidence establishing the basis for coconspirators' relationship of mutual trust was especially appropriate in this case given that Huiswoud's defense was she had no knowledge of her coconspirators' activities." Id.

In the instant case, defendant Salvatore Romano's drug use with his coconspirators is probative on the issues of the background of the conspiracy and basis for the coconspirators' relationship of trust.[2] Moreover, the Court's concerns about the prejudice of interjecting drug use in a fraud case should be assuaged on two fronts. First, the Second Circuit has approved of this exact type of drug use evidence in a fraud case as set forth above. Second, as the Court has already decided that the jury will hear about the drug use of the defendant Joseph Romano, and, as the government intends to illicit similar past drug-use testimony for the cooperating witnesses, this type of evidence is already part of the trial.

[2] Also, if, similar to the defendant Joseph Romano, the defendant Salvatore Romano argues that he had no knowledge of the coconspirators' activities, this evidence would be probative to rebut that defense.

In conclusion, this evidence is admissible to prove the relationship of trust that existed between the coconspirators, and its probative value is not outweighed by its potential prejudicial effect, thus, we respectfully request that the Court reconsider the prior ruling.

Thank you for your consideration.

Respectfully submitted

LORETTA E. LYNCH
UNITED STATES ATTORNEY

By: *Lara Treinis Gatz*
Lara Treinis Gatz
Thomas M. Sullivan
Assistant United States Attorneys

cc: Clerk of Court (JFB)