UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

JOSEPH ROMANO,

           Defendant.

- - - - - - - - - - - - - - - -X

PRELIMINARY ORDER OF
FORFEITURE
09 CR 170(S-2)(JFB)

WHEREAS, in the above-captioned Indictment (the "Indictment"), the United States of America sought forfeiture of certain property of the defendant JOSEPH ROMANO (the "Defendant"), pursuant to 18 U.S.C. §§ 981(a)(1)(C); 21 U.S.C. § 853(p); and 28 U.S.C. § 2461(c), as property which constitutes or is derived from proceeds traceable to an offense, or a conspiracy to commit such an offense, to wit, 18 U.S.C. § 1349 and/or as property traceable thereto, and/or as substitute assets; and

WHEREAS, on September 28, 2010, the Defendant entered a plea of guilty before the Honorable Joseph F. Bianco, and

WHEREAS, the United States and the Defendant now desire to enter into this Preliminary Order of Forfeiture.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, ON CONSENT, by and between the United States and the Defendant as follows:

1. The Defendant shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(c), 21 U.S.C. § 853(p) and 28 U.S.C. § 2461 (c) all of his right, title and interest in Seven

million dollars ($7,000,000.00)(the "Forfeiture Money Judgment").

2.    The Forfeiture Money Judgment shall be satisfied in part by the immediate forfeiture of the defendant's interest in the following assets (collectively "the Forfeited Assets"):

a)    First Hawaiian Bank Account numbers 31-214963 and 31-756344 in the name of Joseph Romano;

b)    Florida Capital Bank numbers 3000023267, 3000027941 and 1000028119 in the name of Joseph Romano and account number 3000027976 in the name of Karen Romano;

c)    ING Direct account number 41262986 in the name of Joseph Romano;

d)    Palm Beach County Bank account number 3500013390 in the name of Joseph Romano;

e)    Roslyn Savings Bank account numbers 43070009705 and 33070003216 in the name of Joseph Romano;

f)    Washington Mutual bank (JP Morgan Chase) numbers 983725189 and 327-682316-5 in the name of Joseph Romano;

g)    JP Morgan Chase account numbers 818320362-65 in the name of Joseph Romano and 746825132 in the name of All American Coin Company, Inc.;

h)    real property located at 35 East 38th street, Unit 6G, New York, New York;

i)    real property located at 35 East 38th street, Unit 6F, New York, New York;

j)    real property located at 63-65 Montauk Highway aka Merrick Rd, Copiague, New York;

k)    real property located at 7084 Via Leonardo, Lake Worth, Florida;

l)    real property located at 29 Hersey Drive, Boynton Beach, Florida;

m)    real property located at 22 Slate Lane, Levittown, New York (collectively the "Forfeited Assets").

3.    The Forfeiture Money Judgment shall be satisfied in part by forfeiture of the defendant's interest the Forfeited Assets lettered (h) through (m) to be sold by the defendant at fair market value within six months from the date of this consent order.

4.    In the event that the defendant fails to sell any or all of the Forfeited Assets listed in the immediately preceding paragraph within six months of the execution of this consent order, the Government may, at its sole discretion, extend the time for the defendant to sell the Forfeited Assets or the Government may effect the sale of unsold Forfeited Assets in accordance with applicable law.

5.    The Forfeiture Money Judgment shall be made by certified or bank check, payable to the United States Marshals Service. The defendant shall cause said check to be hand-delivered to Assistant United States Attorney Diane Leonardo Beckmann, United States Attorney's Office, Eastern District of New York, 610 Federal

-3-

Plaza, Central Islip, New York 11722, with the criminal docket number noted on the face of the check.

6.    If the Forfeiture Money Judgment is not paid on or before the date of sentence, interest shall accrue on any unpaid portion thereof at the judgment rate of interest from that date.

7.    All right, title, and interest in the Forfeited Assets and all proceeds traceable thereto, shall be transferred or delivered to the United States Marshals Service on or before the date of sentence pursuant to this order.

8.    The Defendant has represented that he has disclosed all of his assets to the United States on the financial statement dated September   , 2010, and entitled "United States Department of Justice Financial Statement" (hereinafter, the "Financial Statement"). The Defendant shall forfeit to the United States all assets in which he has an interest, but failed to disclose on the Financial Statement, if any. Should undisclosed assets which the Defendant owns or in which the Defendant has an interest be discovered, the Defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of said assets. In addition, the defendant consents to the forfeiture to the United States of all assets in which he has an interest, but failed to disclose on the Financial Statement, if any, up to the amount of the Forfeiture Money Judgment. The Defendant shall execute any documents necessary to effectuate the

-4-

forfeiture of said assets.

9. Upon entry of this Order, the United States Attorney General or his designee is authorized to seize the Forfeited Assets, to conduct any proper discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c), and to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

10. The United States shall publish notice of this Order, in accordance with the custom and practice in this district on the government website www.forfeiture.gov, and of its intent to dispose of the Forfeited Assets in such a manner as the Attorney General or his designee may direct. The United States may, to the extent practicable, provide direct written notice to any person known or alleged to have an interest in the Forfeited Assets as a substitute for published notice as to those persons so notified.

11. Any person, other than the Defendant, asserting a legal interest in the Forfeited Assets may, within thirty (30) days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6). Any petition filed in response to notice of the forfeiture of the Forfeited Assets must be signed by the petitioner under penalty of perjury and shall set forth the nature

-5-

and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

12. The Defendant shall not file or interpose any claim or assist others to file or interpose any claim to the Forfeited Assets in any administrative or judicial proceeding. Further, if any third party files a claim to the Forfeited Assets, the Defendant will assist the government in defending such claim. If the Forfeited Assets, or any portion thereof, is not forfeited to the United States, the United States may seek to enforce this Order against any other assets of the defendant up to the value of the Forfeited Assets not forfeited pursuant to 21 U.S.C. § 853(p), the Federal Debt Collection Procedures Act, or any other applicable law. The Defendant shall execute any and all documents necessary to effectuate the immediate forfeiture of the Forfeited Assets. The forfeiture of the Forfeited Assets shall not to be considered a payment of a fine or a payment on any income taxes that may be due.

13. The Defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the monies and properties forfeited hereunder. In addition, the Defendant knowingly and voluntarily waives his right, if any, to a

jury trial on the forfeiture of said monies and/or properties, and waives all constitutional, legal and equitable defenses to the forfeiture of said monies and/or properties, including, but not limited to, any defenses based on principles of double jeopardy, the Ex Post Facto clause of the Constitution, the statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

14.    Pursuant to the Fed. R. Crim. P. 32.2(b)(3), this Order of Forfeiture shall become final as to the Defendant at the time of sentencing and shall be made part of the sentence and included in the judgment.  If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

15.    This Order shall be binding upon the Defendant and the successors, administrators, heirs, assigns and transferees of the Defendant, and shall survive the bankruptcy of any of them.

16.    This Order shall be final and binding only upon the Court's "so ordering" of the order.

17.    The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Order.

18.    The Clerk of the Court is directed to send, by inter-office mail, five certified copies of this executed Order to Assistant United States Attorney Diane Leonardo Beckmann, United

States Attorney's Office, Eastern District of New York, 610 Federal

Plaza, Central Islip, New York 11722.

Dated:     Central Islip, New York
            September 28, 2010

                                                Honorable Joseph F. Bianco
                                              United States District Judge