

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

TMS
F.#2007R01344

*610 Federal Plaza*
*Central Islip, New York  11722-4454*

May 16, 2011

By ECF and Hand Delivery

The Honorable Joseph F. Bianco
United States District Court
Eastern District Of New York
100 Federal Plaza
Central Islip, NY 11722

> Re:  United States v. Joseph Romano, et al.
>      Criminal Docket No. 09-170 (S-2)(JFB)

Dear Judge Bianco:

The government writes in response to the Court's April 25, 2011 order requiring the government to respond to Mr. Ansanelli's April 21, 2011 letter (ECF #301).[1]  Mr. Ansanelli's letter requests certain discovery from the government, as well as particulars of how the government will establish certain sentencing enhancements, including loss amount, number of victims and victim vulnerability.  The government will make all discovery available to defense counsel through First Choice, a third party document production service.  However, the government declines to provide defense counsel with, in essence, interrogatory responses to how it will prove various sentencing enhancements, if such proof is required at a hearing pursuant to United States v. Fatico, 579 F.2d 707 (2d Cir. 1978).

I.   Background

By letter dated January 18, 2011 (ECF #265), the government provided the following discovery to Mr. Ansanelli:

1.   All material provided to Joseph Romano's prior counsel pursuant to 18 U.S.C. § 3500, including Memoranda of Interview of all cooperating witnesses; and

2.   Copies of bank records of Last Quarter Coin, American

---

[1]   By letters dated May 3, 2011, counsel for Salvatore Romano (ECF #305) and Kevin Wells (ECF #304) join in Mr. Ansanelli's request.

Coin and All American Coin Company ("Subject Companies"), along with the government's spreadsheets summarizing the deposits into, and withdrawals from those bank accounts.

In that letter, the government also made the following material available for inspection and review:

1. Approximately 70 compact disks containing recorded telephone conversations between victims and various defendants/cooperating witnesses; excerpted call transcripts the government had intended to introduce at trial; and the complete transcripts of all such recordings; and

2. One digital video recorder (DVR), installed at All American Coin Company at the direction of Joseph Romano, which contains 45 days of audio and video surveillance (October 10, 2008 to November 24, 2008) from All American Coin Company, along with an eight page summary of dates and times when Joseph Romano remotely accessed the logged onto the surveillance system.

See Ex. 1 (ECF #265). The government also provided Mr. Ansanelli's firm with the government's summary of pertinent conversations captured on the surveillance system installed by Joseph Romano at All American Coin Company. During a January 13, 2011 visit to the United States Attorney's office, an attorney with Mr. Ansanelli's firm was given an opportunity to review this material.

Mr. Ansanelli, and other defense counsel, now seek discovery that has been provided to prior defense counsel. During the course of this litigation, the government has produced over 100,000 pages of discovery.[2] The government will submit all discovery provided to defense counsel in this case to First Choice, a third party document production service, on or before Friday, May 20, 2011. Counsel can contact First Choice (Mr. Joe Meisner) at telephone number (718) 381-1480, extension 212, to arrange for the production of these documents. To facilitate defense counsel's review and ordering of these documents, the

---

[2] The government is also in possession of the digital video recorder referenced in its January 18, 2011 letter, which will be made available to defense counsel at a mutually convenient date and time.

government will provide, under separate cover, a spreadsheet of the government's discovery productions, listing the type of documents produced; document provider; applicable defendant; and account number.

II.  Argument

Defendants Are Not Entitled To Discovery Regarding How The Government Will Prove Sentencing Enhancements

By his April 21, 2011 letter, Mr. Ansanelli demands that the government not only provide the defense with certain documents, but particularize how the government intends to establish certain sentencing enhancements, including (1) gain amount; (2) number of victims; and (3) vulnerability of victims. While the "[g]enuine factual issues[,]" Def.'s Apr. 21, 2011 Ltr 1, alleged in Mr. Ansanelli's letter about the applicability of these enhancements may require a Fatico hearing, such arguments do not require the government to, in effect, respond to interrogatories about how it intends to prove these enhancements.

1.  Gain Amount

Mr. Ansanelli disagrees with the government's estimate of Joseph Romano's loss amount under Section 2B1.1 of the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G."). This disagreement does not require the government to answer interrogatories about how the government intends to establish Joseph Romano's gain from the offense. U.S.S.G. § 6A1.3, cited in support of requiring the government to disclose this information, simply provides that at sentencing, the parties must have an "adequate opportunity to present the information to the court regarding that factor." Id. This section does not confer any right of discovery, nor do the cases cited in Mr. Ansanelli's letter address any such post-plea/pre-sentencing right to discovery. Any such discovery obligation is governed by Title 18, United States Code, Section 3500 and Federal Rule of Criminal Procedure ("FRCrP") 32(i)(2)(citing government's obligation under FRCrP 26.2 to provide statements of a testifying witness).

2.  Number of Victims

The government provided information to the Probation Department about the number of victims in the above-captioned indictment. That information was also contained in the financial records and summary spreadsheets provided to Mr. Ansanelli pursuant to the government's January 18, 2011 letter. These documents are also contained in the discovery that will be made

available through First Choice.

### 3.    Victim Affidavits

The government is in possession of the affidavits of loss obtained from victims of the defendants' fraud.  The government will make these documents available to defense counsel through First Choice.

### 4.    Names, Addresses of Victims, and Bases of Vulnerability of Victims

The government is in possession of records relating to the victims, which will be made available to defense counsel through First Choice.  The government objects to the production of records containing victim's social security numbers or full dates of birth, because such information is not necessary for defense counsel to litigate the issue of victim vulnerability or any other sentencing enhancement.

### 5.    Gain Attributable To Joseph Romano

With the government's January 18, 2011 letter, the government provided financial records from the Subject Companies and summary spreadsheets, detailing the deposits and withdrawals of all bank accounts known to the government involving the Subject Companies, which demonstrate Joseph Romano's gain from the commission of this fraud.  These records, along with all other documents in the government's possession on this issue, will be made available to defense counsel through First Choice.

## III. Conclusion

The availability of all discovery documents through First Choice, coupled with the government's discovery production spreadsheet, should resolve any questions about defendants' access to documents.  Mr. Ansanelli is free to argue that a sentencing enhancement alleged by the government in the defendant's plea agreement should not apply.  Should the Court determine that a Fatico hearing is necessary, the government will present evidence to establish the applicability of any such enhancements.  Prior to that hearing, the government will comply

with Title 18, United States Code, Section 3500 and provide the parties with statements, documents or other materials supporting these enhancements.

Very truly yours,

LORETTA E. LYNCH
United States Attorney

By:    /s/ Thomas M. Sullivan
Thomas M. Sullivan
Assistant U.S. Attorney
(631) 715-7865

cc:  Clerk of Court (JFB)(without enclosure)
     Vincent W. Ansanelli III, Esq. (with enclosure)
      (By ECF and Mail)
     Peter J. Tomao, Esq. (with enclosure)(By ECF and Mail)
     Brian J. Davis, Esq. (with enclosure)(By ECF and Mail)