UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
UNITED STATES OF AMERICA,

- against -

JOSEPH ROMANO,

         Defendant.
----------------------------------------------------------------X

**NOTICE OF MOTION**

Case No. 09-CR-170 (JFB)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 1 2011 ★
LONG ISLAND OFFICE

    PLEASE TAKE NOTICE, that upon the annexed Declaration of Vincent W. Ansanelli, Esq., dated the __ day of June, 2011, and Memorandum of Law in Support of the Motion to Withdraw as Counsel, and upon all prior proceedings had herein, the attorneys for the defendant will move this Court, to be held in and for the United States District Court, Eastern District of New York, at the United States Courthouse, 100 Federal Plaza, Central Islip, New York, before District Judge Joseph F. Bianco, Courtroom 920, on the __ day of June 2011 at 9:30 a.m. or as soon thereafter as counsel can be heard, for an Order (i) granting leave to counsel for the defendant Joseph Romano to withdraw pursuant to Local Criminal Rule 44.1(a) and Local Civil Rule 1.4; and (ii) for such other and further relief as this Court may deem just and proper.

Dated: Amityville, New York
       June 8, 2011

                             Yours, etc.

                             ANSANELLI LAW GROUP, LLP

                             By: VINCENT W. ANSANELLI (VWA-9018)
                             Attorneys for Defendant Joseph Romano
                             92 Broadway
                             Amityville, New York 11701
                             (631) 598-0337

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
UNITED STATES OF AMERICA,

                                                                           **DECLARATION**

    - against -

                                                                           Case No. 09-CR-70 (JFB)

JOSEPH ROMANO,

                Defendant.
-------------------------------------------------------------X

    VINCENT W. ANSANELLI, declares the following to be true under penalty of perjury:

1. I am the Managing Partner of the Ansanelli Law Group (the "firm"), the attorneys for the defendant Joseph Romano (the "defendant") in the above-captioned matter, and as such, I am fully familiar with the material facts and circumstances stated herein.

2. This Declaration is submitted in support of the application to withdraw as counsel for the defendant Joseph Romano pursuant to Local Criminal Rule 44.1(a) and Local Civil Rule 1.4.

3. The firm was retained to represent the defendant following the entry of his plea of guilty and prior to sentencing. The firm was retained for the purpose of advocating against sentence enhancements identified in the Plea Agreement and which may otherwise potentially arise, and in favor of variations from the United States Sentencing Guidelines (the "Guidelines") and/or for the application of downward departure(s) provided for in the Guidelines. We ascertained that there were sufficient non-frozen assets that were not subject to forfeiture which were available for the payment of the firm's retainer, its anticipated disbursements, and legal fees through the conclusion of the case.

4. Pursuant to the terms and conditions of our agreement with the defendant, the firm promptly, *inter alia*,(i) conducted multiple meetings with the defendant and his family; (ii) obtained, reviewed, and digested the files of prior counsel; (iii) read and reviewed the

transcripts of the plea proceedings and bail revocation proceedings, the Plea Agreement, the Indictment and Superseding Indictment, and the government's application for an arrest warrant and revocation of bail, (iv) conducted extensive legal research regarding the applicable Guidelines enhancements and departures as well as potential mitigation factors; (v) obtained and reviewed psychological and educational records pertaining to the defendant's family; (vi) prepared the defendant for his interview by the Probation Department in furtherance of the pre-sentence investigation; (vii) met with and submitted favorable evidence to the Probation Department; (viii) filed a motion for discovery relating to sentence enhancements, departures, and/or variations from the Guidelines; (ix) arranged for psychological evaluations of the defendant's family; (x) met with counsel for co-defendants; (xi) filed a motion for bail for the defendant; and (xii) discussed various strategic alternatives with the defendant.

5. The Pre-Sentence Report recommends a variety of sentence enhancements under the Guidelines arising from the calculation of loss, the number of victims, the vulnerability of victims, and the defendant's role in the offense. Each enhancement presents substantial factual and legal issues, and the firm has worked diligently to present evidence and legal argument disputing the applicability or scope of each enhancement. Additionally, the firm has developed substantial factual and legal reasons in support of a sentence which varies from the Guidelines, and/or in support of an anticipated downward departure motion. The firm is prepared to submit objections to many of the factual findings and legal conclusions contained in the Pre-Sentence Report, and was in the process of developing facts required to be established at a hearing to be held pursuant to United States v. Fatico, 579 F.2d 707 (2d Cir. 1978).

6. The defendant has utterly frustrated our efforts to advocate on his behalf, and has placed unreasonable demands on our advocacy that we believe to be self-destructive and not in his best interest. The defendant has directed that we discontinue all efforts relating to sentence mitigation. Further, the defendant insists that the firm move to withdraw his

guilty plea. Based on our research and our review of the factual record, including but not limited to the transcript of the court proceedings during which the defendant entered his guilty plea, we believe that there exist no meritorious grounds justifying a motion to withdraw the defendant's guilty plea. Furthermore, we believe that the risks of such action are so substantial that such a motion is not in the best interests of the defendant. We have unequivocally communicated our position to the defendant, who has thus far decided to reject our advice. We have therefore been placed in an untenable position – one where our efforts at sentence mitigation have been rejected and supplanted by Defendant's demands to bring on an application to withdraw his plea. We cannot continue to represent the defendant in good conscience under these circumstances.

7.  Additionally, the defendant's dissatisfaction with our advice and representation has now resulted in his refusal to pay our outstanding legal fees. We are aware of the existence of assets from which our legal fees have been and could be paid, and the defendant is refusing to pay our fee despite his ability to do so. His deliberate disregard of his financial responsibilities to the firm also constitute grounds for withdrawal.

8.  For these reasons as well as those submitted in the accompanying Memorandum of Law in Support of the Motion to Withdraw as Counsel, the firm should be permitted to withdraw as counsel for the defendant.

WHEREFORE, it is respectfully requested that the Court grant counsel's motion to withdraw as attorney for the defendant Joseph Romano, and direct such other and further relief as it may deem just and proper.

_____
VINCENT W. ANSANELLI (VWA-9018)

P:\AKS\clients\romano-j\criminal\romano adv united states of america\099

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES OF AMERICA,


        - against -                                               Case No. 09-CR-70 (JFB)


JOSEPH ROMANO,

                Defendant.
-----------------------------------------------------------X
```

# MEMORANDUM OF LAW IN
# SUPPORT OF THE MOTION TO WITHDRAW AS COUNSEL

## COMBINED PRELIMINARY STATEMENT AND STATEMENT OF FACTS

This Memorandum of Law is respectfully submitted in support of the motion of the Ansanelli Law Group (the "firm") to withdraw as counsel for the defendant Joseph Romano (the "defendant") pursuant to Local Criminal Rule 44.1(a) and Local Civil Rule 1.4.

The relevant facts and circumstances are set forth in the accompanying Declaration of Vincent W. Ansanelli, Esq. Withdrawal as counsel is required because of irreconcilable conflicts between the firm and the defendant arising from the effective termination of the firm's efforts on his behalf and his insistence on a self-destructive course of action in which the firm cannot participate in good conscience, an irreparable breakdown in the attorney-client relationship, and the defendant's deliberate disregard of his financial obligations to the firm by refusing to pay legal fees.

In short, the defendant has directed that the firm refrain from engaging in any further representation efforts relating to sentence mitigation, and insists that the firm move to withdraw his guilty plea. The former will likely result in the forbearance from advancing good and meritorious contentions in opposition to sentence enhancements and in favor of downward departure(s) under the United States Sentencing Guidelines (the "Guidelines") and/or a sentence at variance from the Guidelines. The latter is unsupportable and carries great risk that far outweigh the minimal likelihood of success. Additionally, the defendant has expressed that he is now unwilling to make any payments to the firm toward the balance on its invoices, despite the availability of assets to make these and future payments required by continued representation.

Separately and collectively, these facts and circumstances require that the firm be permitted to withdraw as counsel for the defendant.

## ARGUMENT
## THE DEFENDANT'S CONDUCT HAS CREATED MULTIPLE CONFLICTS OF INTEREST BETWEEN HIS COUNSEL AND THE DEFENDANT WHICH REQUIRE THAT COUNSEL BE PERMITTED TO WITHDRAW.

### A.   *The Provisions of the Local Rules*

Local Criminal Rule 44.1(a) provides that following the filing of a Notice of Appearance by an attorney, "the attorney may not withdraw except upon prior order of the court pursuant to Local Civil Rule 1.4." (See also Local Criminal Rule 1.1, adopting Local Civil Rules 1.2 through 1.10 in criminal proceedings). In turn, Local Civil Rule 1.4 permits withdrawal from representation by court order "upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, in any, on the calendar."

### A.   *Counsel Establishes Good Cause for Withdrawal*

It is well-settled that an attorney should withdraw from representation when there is a conflict of interest that jeopardizes effective representation of the client. United States v. Luciano, 158 F.3d 655, 661 (2d Cir. 1998). Moreover, when there is a total breakdown in the attorney-client relationship, the continuation of the relationship may result in the reversal of a subsequent conviction or sentence if the attorney continues in representation. United States v. Moore, 159 F.3d 1154, 1158 (9th Cir. 1998) ("defendant need not show prejudice when the breakdown of a relationship between attorney and client from irreconcilable differences results in a complete denial of counsel.").

A conflict sufficient to justify withdrawal can arise when "the defendants' interests do diverge with respect to a material or legal issue or to a course of action." United States v. O'Neil, 118 F.3d 65, 71 (2d Cir. 1997) (internal quotations and citation omitted). In United States v. Lyttle, 2009 WL 2390608, at *1 (W.D.N.Y. July 31, 2009), counsel was permitted to withdraw as counsel because he presented an unworkable divergence based on the defendant's adamant refusal to consider the possible advantages of a guilty plea urged by his counsel. In United States v.

2

Berger, 188 F.Supp.2d 307, 318-19 (S.D.N.Y. 2002), the district court granted one counsel's motion to withdraw "in light of the 'irreconcilable differences' between [attorney and client] concerning legal strategies", and also granted another counsel's motion to withdraw on the basis that counsel "did not think he could continue representing [the defendant] in good-faith because he did not believe he would fully present the arguments that [the defendant] desired to be brought before the Court." (internal quotations omitted). Thus, "a lawyer may seek to withdraw when the client renders it unreasonably difficult for the lawyer to carry out such employment effectively." United States v. Lawrence Aviation Industries, 2011 WL 601415, at *1 (E.D.N.Y. February 11, 2011) (internal quotations and citation omitted).

The breakdown in the attorney-client relationship in the case at bar is total and irreparable. The defendant refuses to permit the firm to advocate any longer on behalf of the defendant in mitigation of sentence. The purpose of the defendant's retention of the firm was sentence advocacy. Additionally, the defendant demands that the firm move to withdraw his guilty plea, which is a course of action that the firm strongly believes will be extremely detrimental to the interests of the defendant, particularly in light of the waiver of sentence objections upon which the defendant insists. The defendant's refusal to heed counsel's advice, coupled with the divergent strategies advocated by counsel from those urged by defendant, create irreconcilable differences and a conflict of interest sufficient to require withdrawal.

Further, the defendant refuses to pay the firm's attorney's fees. "A client's refusal to pay attorney's fees may constitute 'good cause' to withdraw. In most cases, however, courts have permitted counsel to withdraw for lack of payment only where the client either 'deliberately disregarded' financial obligations or failed to cooperate with counsel. Non-payment of legal fees, without more, is not usually a sufficient basis to permit an attorney to withdraw from representation." United States v. Parker, 439 F.3d 81, 104 (2d Cir. 2006), *quoting* McGuire v. Wilson, 735 F.Supp. 83, 84 (S.D.N.Y. 1990) (collecting cases).

Here, there exists both a deliberate disregard of attorney's fees and something "more" than mere nonpayment of legal fees. "Certainly a solvent client who simply elects not to pay an

3

obligation to an attorney deliberately disregards that obligation." United States v. Stein, 488 F.Supp.2d 370, 374 (S.D.N.Y. 2007). There are tangible assets that are not frozen or subject to forfeiture which are available for the payment of legal fees. The defendant, however, has expressed that legal fees will not be paid, because he is apparently dissatisfied with the advice of the firm with respect to sentence mitigation and the withdrawal of his guilty plea. His refusal to pay attorney's fees is in deliberate disregard of his obligations. Additionally, the defendant's unreasonable insistence on an ill-advised course of action has resulted in the destruction of a trusting relationship between attorney and client, and the inability of the firm to meaningfully represent the defendant. These unique facts "easily supplies the distinguishing 'something more'" than mere nonpayment of fees. Luciano, *supra*. 158 F.3d at 661.

As set forth by the withdrawing attorney in Lyttle, the firm "has lost [its] ability to appreciate the Defendant's position of various matters", and "it is difficult, if not impossible, to represent the Defendant properly under the circumstances and that Defendant would be better served with another attorney who could establish some rapport and professional trust needed to go forward in this matter." Lyttle, *supra*., at *1.

## CONCLUSION

For all of the foregoing reasons, it is respectfully requested that the Court grant the motion to withdraw as counsel for the defendant Joseph Romano, and direct such other and further relief as it may deem just and proper.

Dated: Amityville, New York
June 8, 2011

ANSANELLI LAW GROUP, LLP

By: VINCENT W. ANSANELLI (VWA-9018)
*Attorneys for Defendant Joseph Romano*
92 Broadway
Amityville, New York 11701
(631) 598-0337

P:\AKS\clients\romano-j\criminal\romano adv united states of america\101