UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
UNITED STATES OF AMERICA,

- against -

Case No. 09-CR-170 (JFB)

JOSEPH ROMANO,

Defendant.
-------------------------------------------------------------------X

**OBJECTIONS TO REPORT AND RECOMMENDATION**

This Memorandum is respectfully submitted by Ansanelli Law Group, LLP (the "firm"), counsel for the defendant Joseph Romano, as and for its Objections to the Report and Recommendation of Magistrate Judge A. Kathleen Tomlinson dated July 21, 2011, recommending that the motion to withdraw as counsel be denied.

The recommendation should be rejected and the motion to withdraw as counsel should be granted because of the undisputed evidence that the defendant expressly refuses to pay the legal fees of the firm. Despite this concession by the defendant, Magistrate Judge Tomlinson mistakenly determined that the defendant's "statement of his intentions regarding payment" (Report and Recommendation, p. 10) are sufficient to deny the motion.

The rule is well established that a "client's refusal to pay attorney's fees may constitute 'good cause' to withdraw. In most cases, however, courts have permitted counsel to withdraw for lack of payment only where the client either 'deliberately disregarded' financial obligations or failed to cooperate with counsel. Non-payment of legal fees, without more, is not usually a sufficient basis to permit an attorney to withdraw from representation." United States v. Parker, 439 F.3d 81, 104 (2d Cir. 2006), *quoting* McGuire v. Wilson, 735 F.Supp. 83, 84 (S.D.N.Y. 1990) (collecting cases).[1]

Here, the defendant refuses to pay the firm's attorney's fees. "Certainly a solvent client who simply elects not to pay an obligation to an attorney deliberately disregards that obligation." United States v. Stein, 488 F.Supp.2d 370, 374 (S.D.N.Y. 2007). The evidence was uncontested that there exists tangible assets that are not frozen or subject to forfeiture which are available to the defendant for the payment of legal fees. The defendant did not dispute the availability of such resources. Moreover, the defendant did not dispute the unequivocal testimony that he has repeatedly expressed to his counsel that he will not pay the outstanding legal fees. Instead, at the

[1] At page 10 of the Report and Recommendation, the Magistrate Judge inexplicably accused counsel of ignoring the "line of cases in the Second Circuit [holding that] '[n]on-payment of legal fees, without more, is not usually a sufficient basis to permit an attorney to withdraw from representation.", *citing* Bennett v. Mukasey, 525 F.3d 222, 224 (2d Cir. 2008). This precise passage was quoted in the firm's Memorandum of Law submitted in support of the motion to withdraw, albeit as a quote from Parker.

hearing, the defendant alternately testified that he would prefer to pay the funds to victims, and then inconsistently testified that he would pay the legal fees at some later undisclosed time.

Additionally, the defendant does not dispute that the time expended by the firm and the charges rendered were necessary and appropriate. Mr. Romano does not allege that the time reported on the firm's invoices was inflated, exaggerated, fictitious, or unnecessarily expended, nor does defendant maintain that the rate of compensation was excessive.

Mr. Romano's "statement of his intentions", relied upon by the Magistrate Judge, is belied by his conduct, his words, and by his grossly inconsistent testimony at the hearing. His refusal to pay attorney's fees is in deliberate disregard of his obligations, and constitutes good cause to withdraw as counsel.

Finally, it is respectfully requested that if the firm is required to continue in its representation of the defendant, in light of the undisputed evidence of the defendant's ability to pay attorney's fees, that such continued representation be conditioned upon the immediate payment of all outstanding fees that have been invoiced to the defendant by the firm.

For all of the foregoing reasons, it is respectfully requested that the District Court reject the Report and Recommendation, grant the firm's motion to withdraw as counsel for the defendant Joseph Romano, and direct such other and further relief as it may deem just and proper.

Dated: Amityville, New York
July 27, 2011

ANSANELLI LAW GROUP, LLP

S/______________________________
By: VINCENT W. ANSANELLI (VWA-9018)
*Attorneys for Defendant Joseph Romano*
92 Broadway
Amityville, New York 11701
(631) 598-0337

P:\AKS\clients\romano-j\criminal\romano adv united states of america\105