UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES OF AMERICA

- against –

JOSEPH ROMANO,

Defendant
-----------------------------------------------------------X

**AFFIDAVIT**

Case No. 09-CR-170(JFB)

STATE OF NEW YORK )
) ss.:
COUNTY OF NASSAU )

KAREN ROMANO, being duly sworn, deposes and states the following under penalty of perjury:

1. I am the wife of JOSEPH ROMANO, the Defendant in the above-captioned action, and as such, I am fully familiar with the material facts and circumstances stated herein.

2. I submit this Affidavit in support of my husband's Objections to the Presentence Investigation Report ("PSR") in the above-captioned action prepared by United States Probation Officer Gregory Giblins and dated March 30, 2011. The PSR contains numerous misstatements concerning my family, the emotional well-being of my children and I, and the availability of outside assistance for us. This Affidavit is primarily submitted to rectify these mistaken aspects of the PSR.

3. It is correct that I suffer from a uterine disorder known as Post-Ablation Syndrome, and that a hysterectomy has been recommended. (PSR, ¶ 71). It is untrue, however, that the reason that I am not undergoing a hysterectomy is because I will be unable to drive and unwilling to be a "burden" to anyone during a one or two week period, as mistakenly reported in the PSR. The recuperation period following the hysterectomy is considerably longer, and I have

been advised that it would be a period of approximately four to six weeks. Further, the responsibility to drive my children to and from school and their various activities cannot be delegated because of their unique needs. The educational and emotional difficulties experienced by my children and I are set forth in the Report of Dr. Michael Eberlin, which is annexed to the Declaration of Ellen Kugler, Esq.

4. The primary reason that I am foregoing this surgery is because I must avoid the potential for any complication that may arise. My children will need me during my husband's absence, and I cannot be incapacitated and unavailable to them.

5. The PSR erroneously conveys that my mother-in-law is readily available to provide assistance to my children, and that she has a history of doing so. (PSR ¶¶ 79-80). Her availability is limited because she is elderly and by her own part-time employment. She is unaware of the problems experienced over the years by my children, as evidenced by her inaccurate statements to the Probation Officer that the children "are in generally good spirits", that they are "fine", that "they do not lack discipline", and that "they seem better now than when the defendant was first incarcerated." (PSR, ¶ 80).

6. My mother-in-law is unaware of the children's problems, largely because we lived in Florida from 2004 until 2010, during which time she was an infrequent visitor. We have never discussed the children's problems with her, and she is simply uninformed about their

mental and emotional well-being.

KAREN ROMANO

Sworn to before me this

15th day of December, 2011.

Notary Public

MARK E GOIDELL
Notary Public, State of New York
No. 02GO4852193
Qualified in Suffolk County
Commission Expires January 13, 2014

P:\ALG\clients\romano-j\criminal\romano adv united states of america\116 karen romano affidavit.doc