FILED
U.S. DISTRICT COURT E.D.N.Y.

★ FEB 09 2012 ★

LONG ISLAND OFFICE

DB:bsg

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

JOSEPH ROMANO,

             Defendant.

- - - - - - - - - - - - - - - - - -X

AMENDED
PRELIMINARY ORDER OF
FORFEITURE

09 CR 0170 (JFB)

WHEREAS, on September 28, 2010, defendant Joseph Romano ("defendant") entered a plea of guilty to 18 U.S.C. § 1349;

WHEREAS, on September 28, 2010, this Court entered a Preliminary Order of Forfeiture (the "Preliminary Order"), wherein the defendant, pursuant to 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p) and 28 U.S.C. § 2461(c) consented to the forfeiture of the following: (a) a forfeiture money judgment in the sum of seven million dollars ($7,000,000.00)(the "Forfeiture Money Judgment"), which shall be satisfied in part by the immediate forfeiture of the following items: (b) all funds on deposit, transferred to or through, First Hawaiian Bank account numbers 31-214963 and 31-756344 in the name of Joseph Romano, (c) all funds on deposit, transferred to or through, Florida Capital Bank account numbers 3000023267, 3000027941 and 1000028119 in the name of Joseph Romano and Florida Capital Bank Account number 3000027976 in the name of Karen Romano (d) all funds on deposit, transferred to or through, ING Direct account number 41262986, in the name of Joseph

Romano; (e) all funds on deposit, transferred to or through, Palm Beach County Bank account number 3500013390 in the name of Joseph Romano; (f) all funds of deposit, transferred to or through, Roslyn Savings Bank account numbers 43070009705 and 33070003216 in the name of Joseph Romano; (g) all funds on deposit, transferred to or through, Washington Mutual bank (currently J.P. Morgan Chase) account numbers 983725189 and 327-682316-5 in the name of Joseph Romano; (h) all funds on deposit, transferred to or through, J.P. Morgan Chase account number 818320362-65 in the name of Joseph Romano and J.P. Morgan Chase account number 746825132 in the name of All American Coin Company, Inc.; (i) all right, title and interest in the real property and premises located at 35 East 38th Street, Unit 6G, New York, New York; (j) all right, title and interest in the real property and premises located at 35 East 38th Street, Unit 6F, New York, New York; (k) all right, title and interest in the real property and premises located at 63-65 Montauk Highway, a.k.a. Merrick Road, Copiague, New York; (l) all right, title and interest in the real property and premises located at 7084 Via Leonardo, Lake Worth, Florida; (m) all right, title and interest in the real property and premises located at 29 Hersey Drive, Boynton Beach, Florida; and (n) all right, title and interest in the real property and premises located at 22 Slate Lane, Levittown, New York (collectively the "Forfeited Assets");

WHEREAS, legal notice as to the Forfeited Assets was

-2-

published on the government website, www.forfeiture.gov beginning on October 30, 2010 through and including November 28, 2010;

WHEREAS, the Defendant has agreed to the forfeiture of various coins (the "Seized Coins"), more particularly described on Exhibit A, pages 1-80 (attached hereto), seized from the Defendant on or about November 24, 2008 from the location of 63-65 Merrick Road, Copiague, New York; and

WHEREAS, THE Defendant has agreed to the forfeiture of all funds on deposit, transferred to or through Florida Capital Bank account number 300027968, held in the name of Joseph Romano (the "Forfeited Asset").

NOW THEREFORE IT IS HEREBY ORDERED, ADJUDGED AND DECREED, as follows:

1.    The Defendant shall forfeit to the United States all of his right, title and interest in the Seized Coins and the Forfeited Asset pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), as property which constitutes or is derived from, proceeds obtained directly or indirectly, as a result of his violation of 18 U.S.C. § 1349, and all property traceable thereto, and/or as substitute assets pursuant to 21 U.S.C. § 853(p).

2.    The United States Attorney's Office shall publish notice of this Order, in accordance with the custom and practice in this district, on the government website www.forfeiture.gov

-3-

and of its intent to dispose of the Seized Coins and the Forfeited Asset in such a manner as the Attorney General or his designee may direct. The United States may, to the extent practicable, provide direct written notice to any person known or alleged to have an interest in the Seized Coins as a substitute for published notice as to those persons so notified.

3.    Upon entry of this Order, the United States Attorney General or his designee is authorized to seize the Seized Coins and the Forfeited Asset pending further order of the Court, to conduct any proper discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c), and to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Amended Preliminary Order.

4.    Any person, other than the Defendant, asserting a legal interest in the Seized Coins and the Forfeited Asset may, within thirty (30) days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6). Any petition filed in response to notice of the forfeiture of the Seized Coin and the Forfeited Asset must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest

in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

5. The Defendant shall not file or interpose any claim or assist others to file or interpose any claim to the Seized Coins and the Forfeited Asset in any administrative or judicial proceeding. The Defendant shall execute any and all documents necessary to effectuate the surrender and forfeiture of the Seized Coins and the Forfeited Asset. The government and the Defendant also agree that the proceeds of the Seized Coins and the the Forfeited Asset once disposed of, will be applied to the Forfeiture Money Judgment. The forfeiture of the Seized Coins and the Forfeited Asset shall not be considered a payment of a fine or a payment on any income taxes that may be due.

6. The Defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the Seized coins and the Forfeited Asset forfeited hereunder. In addition, the Defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of said the Seized Coins and the Forfeited Asset, and waives all constitutional, legal and equitable defenses to the forfeiture of said monies and/or properties, including, but not limited to, any defenses based on principles of double jeopardy, the Ex Post

-5-

Facto clause of the Constitution, the statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

7. This Amended Preliminary Order shall be final and binding only upon the Court's "so ordering" of this Amended Preliminary Order.

8. Pursuant to the Fed. R. Crim. P. 32.2(b)(4)(A), this Amended Preliminary Order of Forfeiture shall become final as to the Defendant upon entry of this Amended Preliminary Order of Forfeiture, and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Amended Preliminary Order, together with Supplemental Preliminary Orders of Forfeiture and Supplemental Preliminary Order of Forfeiture, if any, shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2). At that time, the Seized Coins forfeited herein shall be forfeited to the United States for disposition in accordance with law.

9. The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Preliminary Order.

10. The Clerk of the Court is directed to send, by inter-office mail, five certified copies of this executed Order of Forfeiture to Asset Forfeiture Paralegal Brian Gappa, United

-6-

States Attorney's Office, Eastern District of New York, 610

Federal Plaza, 5th Floor, Central Islip, New York 11722.

Dated: Central Islip, New York

February 9, 2012

/s/ JOSEPH F. BIANCO

HONORABLE JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

-7-