

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

TMS
F.#2007R01682

*610 Federal Plaza*
*Central Islip, New York  11722*

July 9, 2012

**By ECF and First Class Mail**

The Honorable Joseph F. Bianco
United States District Court Judge
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

> Re:  United States v. Joseph Romano
>      Criminal Docket No. 09-170 (S-2)(JFB)

Dear Judge Bianco:

The government writes this letter pursuant to the Court's May 11, 2012 motion schedule, in reply to defendant Joseph Romano's letter addressing the government's restitution methodology.  See ECF Docket No. 479.  For the reasons that follow, the Court should employ the restitution methodology set forth in the government's May 31, 2012 letter.

The defendant's letter argues, among other things, that: (1) "the professional appraisal is only a subjective opinion and reflective of one's belief and by no means should imply fact";  (2) the use of customer invoices is a more accurate gauge to measure restitution; and (3) the government's methodology "is not grounded in fact and the court should focus on prices paid for coins by the coin companies and prices charged to the customers by the coin company [sic]."  Id. 3.  These arguments, as well as the other claims in the defendant's letter, do nothing to challenge the validity of the government's proposed methodology for calculating restitution.

The defendant's arguments ignore the language of Title 18, United States Code, Section 3663A(b), which addresses the difference between the price victims paid for coins sold by the defendant's companies, and the value of those purchased coins, in

determining restitution.  Id. § 3663A(b)(1)(B)(i)(II), (ii) (determining restitution based on "the value of the property on the date of sentencing, less- (ii) the value (as of the date the property is returned) of any part of the property that is returned[.]").

The defendant's letter also fails to address the applicability of United States v. Uddin, 551 F.3d 176 (2d Cir. 2009), and United States v. Bryant, 128 F.3d 74 (2d Cir. 1997)(per curiam)), cases which support the government's proposed methodology.  As discussed in the government's letter, using the average loss of a known sample, to extrapolate the total loss amount, is the best estimate of victim losses caused by the defendant's fraud.

For these reasons, the court should adopt the government's methodology for computing restitution set forth in its May 31, 2012 letter.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

By:   /s/ Thomas M. Sullivan
Thomas M. Sullivan
Assistant U.S. Attorney
(631) 715-7865

cc:  Clerk of Court (JFB)
     Joseph Romano, pro se (By Mail)

2