Case 2:09-cr-00170-EK   Document 642   Filed 11/17/14   Page 1 of 8 PageID #: 3178

U.S. Department of Justice

United States Marshals Service

See Instructions for "Service of Process by the U.S. Marshal" on the reverse of this form.

| | |
|---|---|
| PLAINTIFF<br>United States of America | COURT CASE NUMBER<br>CR-09-0170 (JFB)(3) |
| DEFENDANT<br>JOSEPH ROMANO | TYPE OF PROCESS<br>Final Order |

**SERVE** ➡ **AT**

NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
U.S. MARSHAL'S SERVICE 225 CADMAN PLAZA, ROM G-20, BROOKLYN, N.Y. 11201

ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code)

| SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW: | |
|---|---|
| LORETTA E. LYNCH, United States Attorney<br>Eastern District of New York<br>610 Federal Plaza, 5th Floor<br>Central Islip, N.Y. 11722<br>Attn.: Brian Gappa | Number of process to be served with this Form - 285 |
| | Number of parties to be served in this case |
| | Check for service on U.S.A. |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available For Service):

Please execute the Final Order of Forfeiture and arrange to take ~~CUSTODY~~ Dispose and begin to MARKET the following real properties and premises. Any liens properly recorded with the proper counties and/or authorities shall be paid out of the proceeds of the sale as noted in the Final Order.

09-USP-000411 (7084 Via Leonardo)

| Signature of Attorney or other Originator requesting service on behalf of:<br>AUSA Diane L. Beckmann | ☑ PLAINTIFF<br>☐ DEFENDANT | TELEPHONE NUMBER<br>(631) 715-7854 | DATE<br>February 16, 201 |
|---|---|---|---|

### SPACE BELOW FOR USE OF U.S. MARSHAL ONLY — DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated. (Sign only first USM 285 if more than one USM 285 is submitted) | Total Process | District of Origin<br>No. 53 | District to Serve<br>No. 04 | Signature of Authorized USMS Deputy or Clerk | Date 2/17 |
|---|---|---|---|---|---|

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☑ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above (See remarks below)

| Name and title of individual served (if not shown above) | ☐ A person of suitable age and discretion then residing in the defendant's usual place of abode. |
|---|---|
| Address (complete only if different than shown above) | Date of Service: 01/22/13  Time: 12:00<br>Signature of U.S. Marshal or Deputy |

| Service Fee<br>$55.00 | Total Mileage Charges (including endeavors) | Forwarding Fee | Total Charges<br>$55.00 | Advance Deposits | Amount owed to U.S. Marshal or | Amount of Refund |
|---|---|---|---|---|---|---|

REMARKS: 2/29/12 Forwarded to S/A.
Real property disposed according to law.

2012 MAR -5  AM 11:18
RECEIVED
U.S. MARSHALS SERVICE
E.D.N.Y.

| PRIOR EDITIONS MAY BE USED | **1. CLERK OF THE COURT** | FORM USM-285 (Rev.) |
|---|---|---|

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

PECEIVED

2012 FEB 17 AM 10: 06

US MARSHAL EDNY

- - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA,

    - against -

JOSEPH ROMANO,

        Defendant.

Cr. No. 09-0170

(Bianco, J.)

- - - - - - - - - - - - - - - - - X

## FINAL ORDER OF FORFEITURE

WHEREAS, on September 28, 2010, this Court entered a Preliminary Order of Forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(c); 21 U.S.C. § 853(p) and 28 U.S.C. § 2461(c) (the "Preliminary Order"), wherein the Defendant JOSEPH ROMANO (the "Defendant") forfeited to the United States of America all of his right, title and interest in: (a) a forfeiture money judgment in the sum of seven million dollars and no cents ($7,000,000.00) in United States currency (the "Forfeiture Money Judgment"), (b) all funds on deposit, transferred to or through, First Hawaiian Bank account numbers 31-214963 and 31-756344, held in the names of Joseph Romano; (c) all funds on deposit, transferred to or through Florida Capital Bank account numbers 3000023267, 3000027941 and 1000028119, held in the names of Joseph Romano and account number 3000027976 held in the name of Karen Romano; (d) all funds on deposit, transferred to or through ING Direct account number 41262986, held in the name of

1

Joseph Romano; (e) all funds on deposit, transferred to or through Palm Beach County Bank account number 3500013390, held in the name of Joseph Romano; (f) all funds on deposit, transferred to or through Roslyn Savings Bank account number 43070009705, held in the name of Joseph Romano; (g) all funds on deposit, transferred to or through Washington Mutual Bank (currently J.P. Morgan Chase) account numbers 983725189 and 327-682316-5, held in the names of Joseph Romano; (h) all funds on deposit, transferred to or through J.P. Morgan Chase account numbers 818320362-65, held in the name of Joseph Romano and account number 746825132, held in the name of All American Coin Company, Inc.; (i) real property and premises located at 35 East 38th Street, Unit 6G, New York, New York (j) real property and premises located at 35 East 38th Street, Unit 6F, New York, New York; (k) real property and premises located at 63-65 Montauk Highway, a.k.a. Merrick Road, Copiague, New York; (l) real property and premises located at 7084 Via Leonardo, Lake Worth, Florida; (m) real property and premises located at 29 Hersey Drive, Boynton Beach, Florida and (n) real property and premises located at 22 Slate Lane, Levittown, New York (a) through (n) are collectively the "Forfeited Assets"),

WHEREAS, to date the sum of $1,953,638.25 (the "Forfeited Funds") has been paid towards the Forfeiture Money Judgment, leaving a balance of $5,046,361.75 remaining;

2

WHEREAS, legal notice of the Preliminary Order was published on an official government website, www.forfeiture.gov, beginning on October 30, 2010 through and including November 28, 2010;

WHEREAS, on or about November 18, 2010, American Home Mortgage Servicing, Inc., on behalf of Citibank, timely filed a verified claim with the Court attesting to the nature and extent of its right, title, and interest in the real property and premises located at 35 East 38th Street, Unit 6G, New York, New York in accordance with 21 U.S.C. § 853(n). In addition, on or about May 10, 2010, Elysabeth Condominium c/o Deborah B. Koplovitz, Esq., also asserted its right, title and interest in the above real property as well as the real property and premises located at 35 East 38th Street, Unit 6F, New York, New York, however a claim has not been recorded with the Court;

WHEREAS, to date, no other third party has filed with the Court any petition or claim in connection with the above mentioned Forfeited Assets, and the time to do so under 21 U.S.C. § 853(n)(2) has expired;

WHEREAS, on or about February 9, 2012, the Court entered an Amended Preliminary Order of Forfeiture against Joseph Romano, wherein the Defendant agreed to the forfeiture of 3,422 various coins, which were seized on November 24, 2008 from the Defendant at the location of 63-65 Montauk Highway, a.k.a.

3

Merrick Road, Copiague, New York and all funds on deposit,

transferred to or through Florida Capital Bank account number

300027968, held in the name of Joseph Romano; and

WHEREAS, once publication has been completed on the

government website www.forfeiture.gov, with respect to the above

items on the Amended Preliminary Order of Forfeiture, an Amended

Final Order of Forfeiture will be submitted to the Court.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED and

DECREED, that the Preliminary Order of Forfeiture is hereby made

a Final Order of Forfeiture and all right, title and interest in

the Forfeited Assets, Forfeited Funds and the Forfeiture Money

Judgment are hereby condemned, forfeited and vested in the

United States of America and shall be disposed of according to

law pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. §

2461(c), as property constituting or derived from, proceeds

obtained directly or indirectly, as a result of his violation of

18 U.S.C. § 1349, and all property traceable thereto, and/or as

substitute assets pursuant to 21 U.S.C. § 853(p); and

IT IS FURTHER ORDERED, ADJUDGED and DECREED, that the

United States Marshals Service and all duly authorized agents

and/or contractors, are hereby authorized to take into custody

and dispose of the above mentioned Forfeited Assets and

Forfeited Funds in accordance with all laws and regulations; and

4

IT IS FURTHER ORDERED, ADJUDGED and DECREED, that upon entry of this Order, the United States Attorney General or its designee is authorized, without any prior notice to the Defendant, to execute the balance of the Forfeiture Money Judgment against any other property, real or personal, of the defendant in order to satisfy any outstanding balance of the judgment, to conduct any proper discovery in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c), and to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order; and

IT IS FURTHER ORDERED, ADJUDGED and DECREED that the net proceeds of the sale of the real properties will be deposited by the United States Marshals Service into the Asset Forfeiture Fund and credited towards the Forfeiture Money Judgment; and

IT IS FURTHER ORDERED, ADJUDGED and DECREED that the "net proceeds" are defined as the gross proceeds of the sale less: (a) all costs incurred by the United States Marshals Service in connection with the maintenance, repair, marketing and sale of the above properties; (b) real estate commissions, if any; (c) amounts due, if any, to mortgagees or lienholders whose liens were validly recorded before entry of the United States' Notice of Pendency; (d) real estate property taxes due and owing; (e) insurance costs, if any; (f) escrow fees; (g)

5

document recording fees not paid by the buyer; (g) title fees;
(h) and document recording fees and mortgage tax to the extent
not paid by buyer; (i) county transfer taxes; and (j) any liens
by property owners association or cooperative and/or condominium
board; and

IT IS FURTHER ORDERED, ADJUDGED and DECREED that the
United States District Court for the Eastern District of New
York shall retain jurisdiction over this case for the purpose of
enforcing the Preliminary Order and this Final Order of
Forfeiture and any supplemental orders of forfeiture as may be
necessary; and

IT IS FURTHER ORDERED, ADJUDGED and DECREED that,
pursuant to Rule 32.2(b)(4)(A) of the Federal Rules of Criminal
Procedure, this Final Order of Forfeiture shall become final as
to the Defendant and at the time of sentencing shall be made
part of the Defendant's sentence and included in his judgment of
conviction; and

IT IS FURTHER ORDERED, ADJUDGED and DECREED that the
Clerk of the Court shall forward five (5) certified copies of
this Final Order to the United States Attorney's Office, 610

Federal Plaza, Central Islip, New York 11722, Attn: Brian Gappa,

FSA Asset Forfeiture Paralegal.

Dated:    Central Islip, New York
          February ___, 2012

_____
HONORABLE JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

A TRUE COPY
ATTEST
DATE _____ 20___
DOUGLAS C. PALMER
                    CLERK
BY _____
          DEPUTY CLERK

A TRUE COPY
DATE _____ 20___
DOUGLAS C. PALMER
                    CLERK
BY _____
          DEPUTY CLERK

7