UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X
UNITED STATES OF AMERICA : 09-CR-170

-against- US District Court
Central Islip, NY

JOSEPH ROMANO,
Defendant. : June 22, 2011
- - - - - - - - - - - - - - - - X 1:40 pm

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Government: LORETTA E. LYNCH, ESQ.
United States Attorney
BY: LARA TREINIS GATZ, ESQ.

For the Defense: MARK GOIDELL, ESQ.
VINCENT ANSANELLI, ESQ.

Also Present: Bruce Barket, ESQ.

Court Reporter: Dominick M. Tursi, CM, CSR
US District Courthouse
1180 Federal Plaza
Central Islip, New York 11722
(631) 712-6108 Fax: 712-6124
DomTursi@email.com

Proceedings recorded by mechanical stenography.
Transcript produced by CAT.

(Call to Order of the Court. Appearances stated as indicated above.)

THE COURT: Mr. Barket, I know you are here.

MR. BARKET: I am, Judge, but I am on a separate Romano case.

THE COURT: I understand that.

I don't want you to hang around here unnecessarily because maybe there was some confusion about whether or not this was for all defendants. This was simply to deal with the representation issue. And I know you and your client may be here but I don't want to address the other sentencing issues because they are going to impact potentially all the defendants and I want everybody here together for that.

MR. BARKET: So you want us to come back tomorrow?

THE COURT: Yes. I apologize.

MR. BARKET: You don't need to apologize. Somebody in my office my office needs to.

Have a good day.

(Mr. Barket leaves the courtroom.)

THE COURT: Okay. As you know, this was to address the motion to withdraw as counsel.

We have been advised by the marshals the defendant is not present. And we have been advised by the

marshals that he refused to leave his cell.

I don't know if you have spoken to him to know the reason. I'm concerned. Obviously, this is to address a representation issue and I'm not sure why he would not want to come to this.

And I also received communication from his wife, which I provided to counsel, which I will place under seal, that relates to this issue as well.

Is that Mrs. Romano in the audience?

MRS. ROMANO: Yes, your Honor.

THE COURT: I want to ask counsel if they have any information as to why Mr. Romano refused to leave the jail today.

Do you have any information?

MR. GOIDELL: I don't, judge.

THE COURT: Let me ask Mrs. Romano.

Do you know why your husband refused to come today?

MRS. ROMANO: I don't, your Honor.

THE COURT: I don't want to proceed, obviously, without him being present.

Based upon Mr. Romano's email, it appears that he is going to object to me relieving you from the case, and if he objects, we may have to have a more detailed discussion about this.

Obviously, the government wouldn't have to be privy to those conversations, but I don't think we can accomplish anything today without him being present.

I'm prepared to sign a force order.

I'm trying to remember. I think we had this issue with Mr. Romano once before.

MS. GATZ: Twice before, Mr. Romano did not come to court, your Honor, and you had a discussion with him on the record and advised him that if he refused again, this was a possibility.

THE COURT: Okay. Would you submit a proposed order to me?

MS. GATZ: Yes.

THE COURT: I'm going to sign that order.

What I think we will do is, we can address this prior to the conference tomorrow with everybody or after.

What time are we on for tomorrow?

MS. GATZ: 1:30, your Honor.

THE COURT: Okay. So I will put this down for 1:15. Does that work?

MR. GOIDELL: Yes, your Honor.

I was going to suggest either 1 o'clock or 1:15 so we can handle that before.

THE COURT: I have something tomorrow, so I think what I am going to have to do is move the general

one to 2:30 tomorrow and we will have this at 2.

We will send out a bounce. Make sure Mr. Barket knows that. I don't want him to come early again.

And if you have any communication with him between now and then, I would just again, Mrs. Romano, I don't know if you are going to be able to speak to your husband --

MRS. ROMANO: I will, your Honor.

THE COURT: -- but this makes no sense.

MRS. ROMANO: It makes sense to me, your Honor. It makes sense to me. But he hasn't had the opportunity to convey it to you.

THE COURT: Well, even if it makes sense to you, I am telling you that this relates to who is going to be representing him. This is for his benefit. And we can't proceed --

MRS. ROMANO: Unfortunately, we feel like --

THE COURT: But he has to come. I'm trying to understand his position.

MRS. ROMANO: I will make sure he is here tomorrow, your Honor.

THE COURT: It puts the marshals in a bad position, if they have to be dragging him out of the cell.

MRS. ROMANO: It won't be necessary.

THE COURT: In an abundance of caution, I am

going to sign the order in any event. But I would appreciate it if you could communicate that I'm hoping that that won't be necessary.

So I will see you all tomorrow.

MR. GOIDELL: Judge, so tomorrow we are going to arrive here at 2 o'clock. And will that be an ex parte conference?

THE COURT: I will probably start out with the government being present. If he needs to explain the reasons, then we will convert it to an ex parte conference. But I think initially will have Ms. Gatz present so he understands what is going on.

MR. GOIDELL: Thank you, judge.

(Proceedings adjourned at 1:55 pm.)

CERTIFICATE OF COURT REPORTER

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

Dominick M. Tursi, CM, CSR