UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA : 09-CR-170

-against-

US District Court
Central Islip, NY

JOSEPH ROMANO,
Defendant. : June 23, 2011

- - - - - - - - - - - - - - - - X 2:15 pm

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Government: LORETTA E. LYNCH, ESQ.
United States Attorney
BY: THOMAS SULLIVAN, ESQ.

For the Defense: MARK GOIDELL, ESQ.
VINCENT ANSANELLI, ESQ.

Court Reporter: Dominick M. Tursi, CM, CSR
US District Courthouse
1180 Federal Plaza
Central Islip, New York 11722
(631) 712-6108 Fax: 712-6124
DomTursi@email.com

Proceedings recorded by mechanical stenography.
Transcript produced by CAT.

(Call to Order of the Court. Appearances stated as indicated above.)

THE COURT: Good afternoon. The defendant is present.

I just want to again, Mr. Romano, I know we have had this discussion before and my recollection is that I was assured that this wasn't going to be a problem again and, sure enough, yesterday when we tried to have a conference about your representation, the marshals advised me that you refused to leave the cell; and I had to sign a force order, although I don't believe that that was necessary and they didn't have to utilize force.

But again, I'm going to repeat myself so hopefully we don't have this issue again. And I think, in terms of giving you an opportunity to be heard, not just your lawyer an opportunity to be heard, but when you had an issue, I gave you an opportunity to be heard.

The purpose of these conferences is to make sure, among other things, that your rights are being protected, whether it be related to your representation, related to your sentencing, before it was related to your trial; and when you refuse to come, you are thwarting my ability to do that because nothing can happen if you are not participating.

So if you feel for some reason there is some

issue that you are not happy with the way it is being handled, the solution is not to sit in your cell. The solution is to come to court, as we are here today, to try to address whatever issue it may be.

I'm hoping that we don't again have this problem in the future. Okay?

THE DEFENDANT: Yes, your Honor.

Can I please explain myself?

THE COURT: Well, I don't want you to go -- on that issue or on the substance?

THE DEFENDANT: On that issue.

I had a meeting with Mr. Ansanelli the day before --

THE COURT: Okay.

THE DEFENDANT: -- and he told me I didn't need to attend court that day.

THE COURT: Okay. Well, look. Again, if there was some confusion about that, that is fine. But if the marshals come or the prison officials come and say: Come on, you need to go to court, that is because you need to go to court.

If there is any confusion, whether it be from a lawyer or family member, and I know that sometimes does happen that defendants aren't happy, when they get to the courthouse, to find that something has been canceled and

they get sent back to the jail.

But we will move on. I want to make sure, as you know, we have had some issues with that in the past. When you weren't here yesterday, that issue concerned me, but if there was a miscommunication, we will move on. Okay?

THE DEFENDANT: Yes, sir.

THE COURT: You have received a copy of their motion, which is to withdraw? You realize that they are moving to withdraw and I assume that you have seen the papers for that. Or not?

THE DEFENDANT: I don't believe I have seen the motion on that.

THE COURT: Can you provide him with a copy of that.

MR. GOIDELL: It is my understanding that the draft of the motion which was provided to the court was also mailed by, I believe, certified mail to the defendant at the Nassau County Correctional Center and that the defendant refused to accept the envelope.

THE COURT: Okay. Well, I'm going to give you, this is actual a motion, a public cover letter that attached it. But I will hand you a copy of this so you can briefly look at it.

MR. GOIDELL: Is it easier for the court if I

provide Mr. Romano with my copy?

THE COURT: Yes.

MR. GOIDELL: (Handing.)

THE DEFENDANT: (Referring).

THE COURT: Just to help guide you, Mr. Romano.

The declaration of Mr. Ansanelli contains the reasons why he believes the withdrawal is necessary.

THE DEFENDANT: This is a lot to read. Do you want me to me to read through the entire thing?

THE COURT: No. Again, the declaration is a three-page declaration. I just want you to, and maybe you understand this already.

Do you understand the reasons that they are stating they should be permitted to withdraw? Do you have a basic understanding of what their reasons are?

THE DEFENDANT: In laymen's terms, payment.

THE COURT: I don't want to go into, the government is here and you can go into detail with them in an ex-parte proceeding without the government being present.

I'm not asking you to explain them to me. I'm asking, do you have a basic understanding?

THE DEFENDANT: I have a basic understanding, your Honor.

THE COURT: Just to cover what you just said

there.

They have raised other things in this declaration beyond the issue of payment. You are aware of that, right? There are other things.

THE DEFENDANT: I'm aware from discussions that both myself and Mr. Ansanelli had in the past, yes.

THE COURT: Okay.

(Ms. Gatz enters the courtroom.)

THE COURT: The question I have for you, obviously if you object to this I'm going to engage in a more detailed inquiry. If you consent to this and you say *I agree, I don't want them to represent me any more, I want another lawyer,* then I would obviously grant that request. That would be your right.

So my question to you -- and I did receive a communication from your wife, which I provided to them as well, which indicated, she indicated that you were objecting to this.

This is my question: Are you objecting to them being relieved as your attorney?

THE DEFENDANT: Yes, sir, I am objecting.

THE COURT: Okay. I think the best thing to do, I was thinking about this overnight because I assume based upon, Mrs. Romano had indicated that he was going to object because some of the things that you have raised

relate to sentencing and positions regarding sentencing; I think it is best that have you have a back-and-forth regarding that with Magistrate Judge Tomlinson rather than me, since I'm the sentencing judge, to the extent you want to discuss strategies or any issues you have regarding how you want to proceed with the case now, that may or maybe not be a conflict.

I don't think there is any legal problem with me hearing that, but I think, since she is available, it is more prudent to let her hear those out and have a back-and-forth and maybe she will be able to resolve them. Maybe she won't. But I have spoken with her and she is available to do that now.

My thinking was, and again, let me know if somebody disagrees, either Mr. Romano or his attorneys, my thinking was to have a conference with the other defendants as relates to some of the issues that have already been raised regarding sentencing. Having participated in that as Mr. Romano's attorney, and then after that is over you can go next door and have further discussion regarding the issues raised in your declaration.

Is that okay?

MR. GOIDELL: That sounds advisable, your Honor.

THE COURT: It am hopeful, actually, if we have

some discussion about what the government's position is going to be and what the parties envision is going to happen with respect to sentencing, it may help either on the payment issue or some of other issues you raised in the declaration.

MR. GOIDELL: I agree, Judge. I think it minimizes the risk of prejudice, to have the representation matter referred to the Magistrate Judge.

THE COURT: Okay.

And in terms of having this conference with the other defendants first, do you agree with that as well?

MR. GOIDELL: Yes.

I think Mr. Barket and Mr. Davis are here now.

THE COURT: Okay. You are okay with that, Mr. Romano?

THE DEFENDANT: Your Honor, no. Actually, I disagree with that because I think it is very important that you, as the sentencing judge, should hear a bunch of the issues I have concerning this matter because it doesn't, they are not just matters that are strictly to Mr. Ansanelli and his representation. There's a lot of other very important issues that I think that you should hear, and I don't believe that you heard them as of recent.

THE COURT: You can be seated. You don't have

to stand. You can remain seated.

I'm not referring the sentencing to Judge Tomlinson. I am going to be the sentencing judge. And whatever issue you have about sentencing, whatever those issues may be, I'm going to hear. But this isn't the time for that. We are not debating the purpose of the representation. I'm not hearing the merits of what you think is correct or not correct about how the sentencing should proceed. There will be plenty of time for that. And if they continue to be your lawyers, they will be sending me something in writing on whatever sentencing issues there are, and obviously you would have involvement in that, as the client. So that is going to be done.

That is not the purpose here. The purpose here is, they are raising a conflict basically that they have with you as relates to those types of issues.

So it is not a matter of me not hearing the issues. Whatever issues should be addressed to sentencing, I'm going to eventually hear. Today we are just trying to resolve whether they are the right attorneys to raise those issues or whether there is some type of conflict where they shouldn't be the attorneys to raise the other issues and that you should get some other attorneys.

They are arguing that they are not in a position

to raise some of the issues that you wish to be raised, and I think, for that purpose, it is better, because that is just a back-and-forth between you and your attorneys on an ethical question, it raises an ethical question, I think that is better handled by a judge who is not going to be involved in the actual sentencing process. That is different. Okay?

If there is some issue that needs to be resolved in that, I'm eventually going to hear it anyway and ultimately I will decide whether they should be permitted to withdraw or not. And maybe I will get a transcript, it is going to be on the record, this session that you are going to have with Judge Tomlinson, and I will look at it if ultimately there is a disagreement that needs to be decided. But I think it is better.

I get that you don't want that to be done. I will reconsider it because I don't want something to occur before the magistrate judge if you are objecting. But I'm trying to explain to you the reasons behind it.

THE DEFENDANT: Yes. Your Honor.

No, I'm not objecting. I'm not difficult. I just want to make sure that there are some issues which I want to point out to Judge Tomlinson and I want to make sure that in the future I'm able to make sure that you have been able to view them and see the different things

that I have brought up.

Obviously, you say that will be on record. And that is important if you are going to read the record. By the same token, I can also write a letter and address it to you personally, bring up the certain issues that I think they are just, I don't want to blurt them out.

Like you say, this is not time and the place. But there are certain things that you need to hear. I really believe that strongly.

THE COURT: Okay. What do you think?

If he wants me to see it eventually, I am not sure that it is going to be fruitful to have Judge Tomlinson hear it first if it is just going to be a transcript submitted to me that he wants me to review in any event.

My hope was that she can almost act as a facilitator and maybe try to resolve and they wouldn't need to be before me. I wouldn't have to get involved in the back-and-forth. But I'm willing to reconsider that.

I don't think there is any legal reason I can't do it. So if you would rather have it before me, I will do it.

MR. GOIDELL: Judge, I want to be clear and make sure that Mr. Romano understands, that there is a risk of matters that may be prejudicial to the sentence arising

during the course of, whether it is a colloquy, argument, the discussion before you, and that these things may very well, in his interest, be better heard initially by the Magistrate Judge.

THE COURT: What you can do, Mr. Romano, just to highlight that. You can have this conference before the magistrate judge, and then, if it happens, if you want to bring, whatever you want to bring to my attention you will be able to bring to my attention.

What he is suggesting is that there could be some discussion in there that you would prefer me not to get involved in and you may not need to bring it to my attention and then it can just be left alone.

I think that what they are suggesting to you and what I am also suggesting to you, it may make sense for her to try to have her resolve the issue and then you can decide, after this session, what you want to bring to my attention or not. Everything or noting.

THE DEFENDANT: Yes. I believe, your Honor, that is what I was saying. As long as I can bring it to your attention, there are certain issues.

And as far as prejudicing myself towards you or anyone else, I'm not, you know, too concerned with that. I have pled guilty to a plea of some 12 to 15 years. I would just like to speak the truth.

THE COURT: So is everybody else here? The other defendants? Do we have everybody else present?

Why don't you all come up and then and we will call the whole case.

(Related proceeding, without defendant Joseph Romano, ensued. That matter is not included in this transcript.)

(Proceedings adjourned at 2:30 pm.)

CERTIFICATE OF COURT REPORTER

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

______________________________
Dominick M. Tursi, CM, CSR