

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

CAO
F#2007R01682

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

March 17, 2014

<u>By ECF with Courtesy Copy by Interoffice Mail</u>

The Honorable Vera Scanlon
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:     <u>United States v. Joseph Romano, et al.</u>,
>            09CR170 - JS

Dear Judge Scanlon:

        The government writes this letter to summarize our position on the issue of restitution in this matter and to request an order directing that restitution be paid by the defendants.  For the reasons set forth below, the Court should recommend to Judge Johnson that he enter an order of restitution as to all defendants in the amount of $19,070,401.25. Because the attachments to this letter disclose information about victims, we ask that the letter be submitted under seal.  A hard copy of this letter and attachments are being sent via first class mail to pro se defendant Joseph Romano.

## I.        **The Procedural Posture**

        On January 28, 2013, the Honorable Sterling Johnson, Jr. issued an order referring the determination of restitution to you for a report and recommendation.  <u>See</u> Docket Item 544. Since that referral, the process of finalizing a restitution order has been delayed by competency inquiries and a conspiracy to commit murder trial involving defendant Joseph Romano.  <u>See</u> <u>United States v. Joseph Romano</u>, 13CR0691-JFK.   All of those parallel proceedings have concluded and the government would like to help the Court to resolve the outstanding restitution issue.   Fortunately, the Court has already substantively resolved this issue.

        Sister case <u>United States v. Michael Romano</u>, 09CR168-JS, involved nearly identical crimes by members of the same family.  It also involved some of the same attorneys.  <u>See, e.g.</u>, Maurice Sercarz, Esq..  On January 23, 2013, Judge Johnson referred the Michael Romano, et al., restitution issue to this Court for a report and recommendation.

See January 23, 2013 Order.   On June 26 and June 27, 2013, the Court held a hearing.  See Docket Item 366 (Michael Romano et al.).  On December 13, 2013, this Court issued a report and recommendation adopting the government's suggested restitution (the "Michael Romano Report and Recommendation").  See Docket Item 393 (Michael Romano et al.).

For the Michael Romano restitution issue, the government submitted the same experts that the government submits now.  Those same experts used the same methodology in both the Michael Romano and the Joseph Romano restitution determinations.  In both cases, Mr. Sercarz challenged the methodology of calculating restitution in the same manner.  See, e.g., Docket Item 518 at 2 (Joseph Romano, et al.); Docket Item 379 (Michael Romano et al.).   However, in the Michael Romano matter, the Court has already decided that methodological challenge in favor of the government.  See Michael Romano Report and Recommendation.  Therefore, the government submits that the Court should, without the need for a duplicative hearing, issue a nearly identical report and recommendation in the Joseph Romano case contemplating a $19,070,401.25 restitution order.

To aid the Court, the government will outline the details of its restitution argument in the following sections.

II.    **Restitution Law**

A.    The History of Restitution Law

Federal courts have no inherent power to order restitution, but rather, such authority must be conferred by Congress through statute.  The Federal Probation Act of 1925 authorized courts to impose restitution solely as a condition of supervision.  This Act controlled restitution until a series of statutory changes in the 1980's.  In 1982, the Victim and Witness Protection Act authorized courts to impose of restitution as a separate sentence.  The Violent Crime Control and Law Enforcement Act of 1994 was the first statute to expressly make restitution mandatory for specific crimes, such as sexual abuse, sexual exploitation, and domestic violence.  The Mandatory Victims Restitution Act of 1996 ("MVRA") greatly expanded the notion of mandatory criminal restitution.

B.    The MVRA

The MVRA, which is found in Title II of the Antiterrorism and Effective Death Penalty Act of 1996, was enacted on April 24, 1996.  The MVRA significantly reformed the structure and enforcement of criminal restitution by:

2

1.      making restitution mandatory, as a separate term of the sentence for all crimes of violence and Title 18 offenses against property. 18 U.S.C. § 3663A(c)(1);

2.      requiring the court to enter a restitution order for each defendant, without regard to the defendant's economic situation, who has been convicted or plead guilty to most crimes. 18 U.S.C. § 3664(f)(1)(A);

3.      providing consolidated procedures for the issuance of restitution orders. 18 U.S.C. § 3664; and

4.      enhancing the post-conviction enforcement of restitution orders. 18 U.S.C. § 3613(a)(the United States may use practices and procedures for enforcement, as provided under federal or state law).

C.      Restitution Statutes - Covered Categories of Crimes/Covered Victims

The MVRA requires the court to order a defendant to make full restitution to each victim of, inter alia, an offense against property under title 18 or 21 U.S.C. § 856(a), including any offense committed by fraud or deceit. The MVRA is inapplicable and restitution shall not be ordered if the number of victims is so large as to make restitution impracticable or determining complex issues of fact relating to restitution would so complicate or prolong the sentencing process that the need to provide restitution is outweighed by the burdens on the sentencing process. See 18 U.S.C. §§ 3663A(c)(3); 3664(a), 3663(a)(1)(B).

Any identifiable victim who has suffered a pecuniary loss as a direct and proximate result of the defendant's criminal conduct shall be entitled to restitution. These include identifiable victims of substantive criminal counts, see 18 U.S.C. §§ 3663(a)(1)(A) and(a)(2) and 3663A(a)(1) and (a)(2) or a of a conspiracy, see 18 U.S.C. §§ 3663(a)(2) and 3663A(a)(2).

D.      Restitution Procedures

The procedures for issuance and enforcement of judgments of restitution are set forth in 18 U.S.C. § 3664 and by incorporation 18 U.S.C. §§ 3571-3574 and 3611-3615. See 18 U.S.C. § 3664(m). The court shall order restitution to each victim in the full amount of each victim's losses, without consideration of the economic circumstances of the defendant. 18 U.S.C. § 3664(f)(1)(A). Restitution may only be awarded to identified victims for identified losses. However, the victim is not required to file an affidavit of loss. The court solely needs information "sufficient for the court to exercise its discretion in fashioning a restitution order." 18 U.S.C. § 3664(a). As was done here, the district court may refer any issue to a magistrate judge. 18 U.S.C. § 3664(d)(6).

3

The prosecutor is required to provide a list identifying the amounts subject to restitution after consulting, to the extent practicable, with all identified victims, total loss and identify the victims for the Court. 18 U.S.C. § 3664(d)(1). The government has prepared such a list here. See Attachments A & B. After reviewing the submissions, the court may require additional documentation or hear testimony. 18 U.S.C. § 3664(d)(4). However, such testimony is not required. The government submits that, consistent with the Attachments to this letter, the Court has sufficient evidence to rule.

All restitution disputes shall be resolved by a preponderance of the evidence. 18 U.S.C. § 3664(e). As to the victims, that lower burden is held by the government. However, the burden of establishing the defendant's financial resources is on the defendant. Id. In the instant case, all of the available evidence supports the recommendation of a restitution order consistent with Attachment A.

E.    The Order of Restitution

At the Michael Romano et al., restitution hearing held on June 26, 2013 and June 27, 2013 (the Hearing), the government provided the Court with a list, Government Exhibit 2, identifying each victim and the restitution amount owed to each victim as required by the MVRA. 18 U.S.C. § 3664(d)(1). Further, the government offered the testimony of Investigator William Hessle regarding the methodology used to determine the total restitution amount. Tr. 6/26/13 at 23-84. In the instant Joseph Romano, et al. matter, the government represents that the methodology is identical to that found in the Michael Romano, et al. matter. Therefore, the government submits that the Court need merely feel comfortable integrating the victim list (Attachment A) in this case into its recommendation.

Attached to this letter, the government submits a new list that quantifies the losses to the victims in the instant case. See Attachment A. Upon that approved methodology and the attached list, the government requests that the Court make findings of fact adopting the list, and order restitution in the form of a judgment against each defendant in the total amount of $19,070,401.25. This finding is merited because the government proved, by a preponderance of the evidence, that the victims are owed this amount. This proof is discussed in greater detail in Section III infra. Finally, the government requests that the Court's order require payment to begin immediately upon the district court's adoption of the report and recommendation. 18 U.S.C. § 3572(d)(2).

III.    **The Government's Proof of Victims' Losses in the Instant Case**

4

In or about and between August 2001 and November 2008, Joseph Romano and the other co-defendants listed in the above-referenced superseding indictment, together with others, did knowingly and intentionally conspire to devise a scheme and artifice to defraud customers, and to obtain money and property from customers by means of materially false and fraudulent pretenses, representations and promises involving the offer and sale of coins. Each co-defendant had a specific role in the three companies, Last Quarter Coin, American Coin Company, and All American Coin Company ("Subject Companies"). Joseph Romano was the owner of the Subject Companies. Vincent Romano was the sales and business manager for the Subject Companies. Salvatore Romano, also known as "Steve Anderson" and "Scott Miller" was a salesman for Last Quarter Coin and American Coin, and acted as sales manager for All American Coin. Kevin Wells was the general manager of American Coin and All American Coin. Defendants Joseph Romano, Vincent Romano, and Salvatore Romano are brothers. Defendant Kevin Wells is the brother-in-law of the Romano brothers. The remaining defendants were salespeople for the Subject Companies.

A.     Nature of Defendants' Fraud Scheme

The fraud scheme was started when the defendants either personally telephoned purchasers or instructed employees to call purchasers. Potential purchasers were falsely told of substantial profits that would be realized from investing in the coins. Defendants told purchasers that they had investors waiting to purchase coins from purchaser once they had bought complete roll set. Purchasers were instructed to send checks to the Subject Companies through mail carriers (i.e., Federal Express, DHL, U.S. Mail).

After a purchaser bought a complete roll set and sought to sell that set to investors, defendants told purchasers that they had to buy additional coins before they could sell their set. Following sales of those additional coins, defendants told purchasers that the investor backed out of the deal. The scheme was continued when the defendants told purchasers that new investors were found, but they required the purchase of certain additional coins. No coin sets purchased were ever sold to investors, as promised by the defendants. Additionally, the defendants misrepresented the grade of the coins sold. In total, the defendants deposited more than $40 million in bank accounts of the Subject Companies between August 11, 2002 and November 30, 2008, and used that money to pay salaries and other expenses of the fraud scheme.

Based on these facts, the defendants were indicted by a grand jury for Conspiracy to Commit Mail and Wire Fraud, in violation of Title 18, United States Code, Section 1349; and Money Laundering Conspiracy, in violation of Title 18, United States Code, Section 1956(h). Rather than resolving early, the case proceeded to the eve of trial.

5

B.   Defendants' Plea Hearing

On September 28, 2010, during jury selection, defendants Joseph Romano, Salvatore Romano and Vincent Romano each pled guilty to Conspiracy to Commit Mail and Wire Fraud.  The plea agreements entered into by the defendants state that this charge carries as a penalty, "Restitution: To be determined by the Court." Plea Agreement ¶ 1(e), at 2.

As the investigation and prosecution revealed, the defendants' entire business operation was a fraud, as no legitimate sales of coins ever occurred.  Therefore, the victims of the defendants' fraud scheme are anyone who purchased coins from the Subject Companies.  These victims were identified principally via bank records (cancelled checks) from 2000 to 2008.  Victims that purchased coins from 1997 to 1999 could not be identified as bank records from those years were no longer available in 2007 when requested.  After identifying over 1,400 coin purchasers, investigators reached out to as many as they could locate, in part, to identify those who had retained the coins along with invoices documenting the purchases.  If a victim had a good amount of coins with corresponding invoices, that victims was asked if he or she were willing to cooperate with the investigation and have their coins analyzed.  This process was complicated by the fact that many victims were elderly and easily confused, some had become incapacitated or died, many had sold their coins at staggering losses, and some were victimized by both the Subject Companies and the Michael Romano coin companies (Joseph Romano's brother) adding additional complications.  Investigators contacted as many victims as they could locate, and obtained as many coins as possible for appraisal.  Ultimately, investigators located 226 victims throughout the United States that fit the criteria.

Thereafter, each victim was visited by a postal inspector whereupon their coins were taken into evidence and forwarded to Numismatic Guaranty Corporation (NGC) for grading.  NGC graded as many of the approximately 1,800 seized coins as were "gradable" and prepared a grading report.  The grading report was transmitted to a coin valuation expert who assigned a value to each coin utilizing the NGC grade.  This original value analysis was done in 2008 and repeated in 2012 (to reflect an increase in precious metals prices that actually helped the defendants).

Victims of this scheme were usually in one of 3 situations: (1) they had sold all of their fraudulently inflated coins, crystallizing their loss at a sum certain; (2) they had sold none of their coins, thereby leaving a certain amount of value in the fraudulently inflated, but not worthless, coins; or (3)  they sold some coins at a loss and retained some of the coins. To give the defendants the benefit of the retained value expressed in the second and third situations described above, the government prepared a weighted average.  As

6

reflected in Attachment B, the re-examined coins retained a weighted 23.6% of their value. To the defendants' benefit, the government rounded that retained value up to 24%.[1] The government then endeavored to use that retained value ratio to determine the average actual loss to the victims who still retained their coins.

If the Claimed Loss Amount provided by a victim was the same as their Claimed Purchase Amount the Claimed Loss Amount was reduced by 24%. Of the 226 Affidavits of Loss received 90 (40%) had their Claimed Loss Amount reduced by 24%. Of the 226 Affidavits of Loss received the Claimed Loss Amounts, as stated by 136 of the affiants, were accepted as being in the first, crystallized loss situation and not reduced by 24%. In total, these reductions resulted in the Claimed Loss Amount of $21,015,579.25 being reduced to a weighted loss amount of $19,070,401.25, a difference of $1,945,178.00.

To summarize, we examined the coins and claims submitted by 226 victims. Those victims articulated more than $21 million in losses. Those losses were confirmed by the grading analyses done of the remaining extant coins. However, to give the defendants adequate credit, the government also gave credit for the retained value still residing in the coins that had not yet been resold by the victims. From that reduction, the government arrived at a $19,070,401.25 loss. The loss for each victim is set forth in Attachment A, which should be incorporated in the Court's restitution recommendation.

## IV.    **The Defendants' Objections**

The defendants' only objections to restitution in the instant case can be found at Docket Item 518. In that letter, they argue that the government's methodology constituted an unfocused and unsupportable estimate of loss to a theoretical class of victims. Id. at 3-5. The government submits that the methodology, as already found by the Court, constitutes an acceptable manner of determining loss. Furthermore, this methodology yields specific loss numbers that are attributable to specific victims. See Attachment A. These answers are plain on the face of the materials and require no further hearings. As such, the Court should issue a Report and Recommendation without needing an additional hearing.

If a hearing were held in the instant case, the government submits that Vincent Romano's attorney is raising the same objections in both the Michael Romano and Joseph Romano matters. A new hearing would only serve to repeat the same failed arguments. The government submits that the defendants have had adequate opportunity to articulate their

---

[1] Although the crimes are factually nearly factually identical, the Michael Romano case involved 21% of retained value, not 24%.

objections to restitution in this matter.  Moreover, the objection process to any Report and Recommendations, see Fed R. Crim P. 59, further guarantees that all defendants have the opportunity to be heard.  For the following reasons, the government has established that the Court should recommend restitution in the amount of $19,070,401.25.

V.      **Argument**

The purpose of restitution is to compensate victims for their losses.  United States v. Pescatore, 637 F.3d 128, 138 (2d Cir. 2011).  Like loss calculations generally, loss for the purpose of restitution may be reasonably estimated.  United States v. Cheng, 96 F.3d 654, 657-658 (2d Cir. 1996).  The sentencing court has broad discretion in determining the procedure to be used to resolve disputes regarding restitution as long as the defendant has an adequate opportunity to present his position.  United States v. Sabhnani, 599 F.3d 215, 257-258 (2d Cir. 2010).

In terms of determining the actual loss to the victims for restitution purposes,

the law cannot be blind to the fact that criminals rarely keep detailed records of their lawless dealings, totaling up every column and accounting for every misbegotten dollar.  Hence, the preponderance standard must be applied in a practical, common-sense way.  So long as the basis for reasonable approximation is at hand, difficulties in achieving exact measurements will not preclude a trial court from ordering restitution.  In this case, a reconstructing the tally was not a black-and-white proposition.  There were points at which the guideposts became blurred and shadings of gray emerged-but on the whole, the available evidence was adequate to the task.

United States v. Savoie, 985 F.2d 612, 617 (1st Cir. 1993).  See also United States v. Hand, 863 F.2d 1100, 1104 (3d Cir. 1988)("where the precise amount owed is difficult to determine, [the VWPA] authorizes the court to reach an expeditious, reasonable determination of appropriate restitution by resolving uncertainties with a view toward achieving fairness to the victim"); United States v. Fogel, 494 F. Supp. 2d 136, 139 (D. Conn. 2007) (holding that MVRA has a "presumption in favor of full compensation to victims," and that the court takes into account "principles of fairness and proportionality in recompense.").

In the instant case, as with the Michael Romano et al. matter, the government proved by a preponderance of the evidence that the defendants owe 226 victims restitution in the amount of $19,070,401.25.  This $19 million constitutes a reasonable estimate utilizing the available facts.

## VI.    **Conclusion**

After a hearing, the defendants' experts in the Michael Romano et al. matter offered the Court no reason to question the methodology utilized by the government. The defendants have offered no new experts or arguments in the instant Joseph Romano matter. Thus, the government asks the Court to find that it has have met its burden and proved by a preponderance of the evidence that the defendants owe the 226 victims $19,070,401.25 and recommend to Judge Johnson that he enter a judgment against the defendants consistent with Attachment A.[2]

Because the attachments to this letter disclose information about victims, we ask that the letter be submitted under seal. A hard copy of this letter and attachments are being sent via first class mail to pro se defendant Joseph Romano.

Thank you for your consideration.

Closing,

LORETTA E. LYNCH
United States Attorney

By:      /s
Christopher A. Ott
Assistant U.S. Attorney
(718) 254-6154

Attachments:  Attachment A (email only, per Fed. R. Crim. P. 49.1)
Attachment B (email only, per Fed. R. Crim. P. 49.1)

---

[2] This judgment, although outside the statute, would be timely. See United States v. Zakhary, 357 F.3d 186, 191 (2d Cir.2004) (explaining that the purpose of the 90-day statutory period "is not to protect defendants from drawn-out sentencing proceedings or to establish finality; rather, it is to protect crime victims from the willful dissipation of defendants' assets").

CC:            All Defendants (via ECF)
                    Joseph Romano 72247-053 (via first class mail)
                    MDC Brooklyn
                    METROPOLITAN DETENTION CENTER
                    P.O. BOX 329002
                    BROOKLYN, NY  11232

# US v. Joseph Romano, et al
## Victim Loss Summary

| V # | Loss Affidavit Bates Numbers | First Purchase | Last Purchase | Victim Last Name | Victim First Name | Determined Loss @24% |
|---|---|---|---|---|---|---|
| 1 | REST 02013-02020 | 10/25/07 | 07/18/08 | | | $72,580.00 |
| 2 | REST 01841-01842 | 12/30/04 | 12/30/04 | | | $1,500.00 |
| 3 | REST 01678-01679 | 03/20/06 | 09/08/06 | | | $2,150.00 |
| 4 | REST 01762-01763 | 07/15/04 | 08/03/04 | | | $3,000.00 |
| 5 | REST 00998-01000 | 12/18/06 | 12/28/08 | | | $63,540.00 |
| 6 | REST 00823-00825 | 04/03/03 | 11/20/08 | | | $200,000.00 |
| 7 | REST 01489-01548 | 05/28/03 | 11/19/08 | | | $200,332.00 |
| 8 | No Hard Copy | 01/10/06 | 01/10/06 | | | $159.00 |
| 9 | REST 01046-01047 | 07/27/05 | 10/24/07 | | | $9,511.00 |
| 10 | REST 02021-02021 | 02/24/05 | 10/25/07 | | | $593.00 |
| 11 | REST 01660-01661 | 12/08/05 | 10/07/07 | | | $28,500.00 |
| 12 | REST 01075-01104 | 04/20/05 | 08/27/08 | | | $587,320.00 |
| 13 | REST 01749-01751 | 12/26/07 | 09/04/08 | | | $3,900.00 |
| 14 | REST 01040-01041 | 05/14/03 | 11/03/08 | | | $141,270.00 |
| 15 | REST 01961-01964 | 05/10/06 | 06/09/06 | | | $900.00 |
| 16 | REST 01937-01939 | 11/12/07 | 10/14/08 | | | $220,000.00 |
| 17 | REST 01867-01869 | 02/14/03 | 08/28/08 | | | $193,965.00 |
| 18 | REST 01433-01457 | 10/20/03 | 07/30/07 | | | $17,767.00 |
| 19 | REST 01836-01840 | 02/27/04 | 04/15/04 | | | $2,972.00 |
| 20 | REST 00972-00975 | 01/11/05 | 10/23/07 | | | $11,453.00 |
| 21 | REST 01785-01786 | 09/09/04 | 08/24/06 | | | $383,983.00 |
| 22 | REST 01870-01872 | 03/18/04 | 05/19/05 | | | $10,876.00 |
| 23 | REST 00840-00842 | 01/31/06 | 09/12/08 | | | $159,155.00 |
| 24 | REST 02090-02097 | 08/11/04 | 08/15/08 | | | $87,362.00 |
| 25 | REST 01309-01309 | 04/21/03 | 04/12/04 | | | $22,000.00 |
| 26 | REST 01682-01683 | 01/05/06 | 01/25/06 | | | $3,500.00 |
| 27 | REST 02022-02024 | 05/03/04 | 05/03/04 | | | $10,000.00 |
| 28 | REST 01764-01766 | 01/04/08 | 07/07/08 | | | $3,146.00 |
| 29 | REST 01924-01929 | 05/31/05 | 08/26/05 | | | $16,000.00 |
| 30 | REST 02011-02012 | 12/08/03 | 01/26/04 | | | $10,460.00 |
| 31 | REST 01549-01558 | 09/20/02 | 06/24/04 | | | $5,356.00 |
| 32 | REST 02025-02027 | 01/16/07 | 06/26/08 | | | $235,000.00 |

## Victim Loss Summary

| V # | Loss Affidavit Bates Numbers | First Purchase | Last Purchase | Victim Last Name | Victim First Name | Determined Loss @24% |
|---|---|---|---|---|---|---|
| 33 | REST 01730-01732 | 06/15/04 | 09/15/05 | | | $82,510.00 |
| 34 | REST 01402-01403 | 06/14/04 | 11/08/07 | | | $19,400.00 |
| 35 | REST 01030-10133 | 01/15/08 | 04/22/08 | | | $1,186.00 |
| 36 | REST 01571-01591 | 12/10/04 | 08/23/07 | | | $79,843.00 |
| 37 | REST 00724-00726 REST 00933-00935 | 03/17/03 | 07/23/04 | | | $47,000.00 |
| 38 | REST 01307-01308 REST 01774-01775 | 08/27/04 | 10/29/07 | | | $150,000.00 |
| 39 | REST 01378-01380 | 02/24/05 | 09/30/05 | | | $12,000.00 |
| 40 | REST 01049-01050 REST 01801-01803 REST 02028-02042 | 12/15/03 | 06/21/04 | | | $54,000.00 |
| 41 | REST 10172-01074 | 11/14/05 | 10/15/08 | | | $48,579.00 |
| 42 | REST 01954-01955 | 10/22/04 | 10/22/04 | | | $296.00 |
| 43 | REST 00705-00723 | 06/27/05 | 09/30/05 | | | $2,827.00 |
| 44 | REST 01893-01901 | 11/15/05 | 05/04/07 | | | $24,423.00 |
| 45 | REST 01676-01677 | 10/03/08 | 10/03/08 | | | $300.00 |
| 46 | REST 00984-00993 | 02/23/06 | 11/07/06 | | | $28,682.00 |
| 47 | REST 00852-00860 REST 01105-01112 | 12/13/07 | 02/28/08 | | | $6,179.00 |
| 48 | REST 01035-10136 | 04/26/04 | 02/01/06 | | | $21,895.00 |
| 49 | REST 01902-01904 | 01/09/06 | 06/02/06 | | | $7,904.00 |
| 50 | REST 01978-01980 | 04/01/04 | 04/01/04 | | | $500.00 |
| 51 | REST 01592-01616 | 02/03/04 | 12/16/05 | | | $45,186.00 |
| 52 | REST 01848-01849 | 12/09/04 | 12/09/04 | | | $210.00 |
| 53 | REST 00871-00872 | 12/01/05 | 10/21/08 | | | $350,000.00 |
| 54 | REST 00965-00971 | 10/20/04 | 07/18/05 | | | $85,470.00 |
| 55 | REST 01113-01172 | 07/19/05 | 02/13/08 | | | $281,793.00 |

US v. Joseph Romano et al

## Victim Loss Summary

| V # | Loss Affidavit Bates Numbers | First Purchase | Last Purchase | Victim Last Name | Victim First Name | Determined Loss @24% |
|-----|------------------------------|----------------|---------------|------------------|-------------------|----------------------|
| 56 | REST 00945-00947 | 09/01/05 | 10/20/05 | | | $6,115.05 |
| 57 | REST 00861-00862 REST 01395-01396 | 07/30/04 | 02/26/08 | | | $144,020.00 |
| 58 | REST 01779-01780 | 10/30/07 | 10/20/08 | | | $3,012.00 |
| 59 | REST 01850-01853 | 12/07/07 | 10/20/08 | | | $6,281.00 |
| 60 | REST 01795-01797 | 03/31/03 | 01/20/05 | | | $16,571.00 |
| 61 | REST 01658-01659 | 07/12/06 | 09/24/08 | | | $550.00 |
| 62 | REST 01708-01709 | 08/20/04 | 09/23/08 | | | $8,643.00 |
| 63 | REST 01824-01825 | 09/02/04 | 09/02/04 | | | $350.00 |
| 64 | REST 01650-01651 | 09/23/04 | 11/18/08 | | | $101,375.00 |
| 65 | REST 01053-01057 | 10/25/05 | 05/02/07 | | | $11,400.00 |
| 66 | REST 01374-01377 REST 02043-02047 | 01/03/04 | 04/05/08 | | | $126,517.00 |
| 67 | REST 01687-01688 | 05/03/04 | 03/10/08 | | | $74,073.00 |
| 68 | REST 01956-01957 | 08/24/04 | 03/09/05 | | | $14,500.00 |
| 69 | EST 01755-01756 | 07/29/05 | 07/29/05 | | | $3,000.00 |
| 70 | REST 00834-00835 | 02/09/05 | 11/28/07 | | | $6,734.00 |
| 71 | REST 01767-01768 | 11/28/07 | 11/28/07 | | | $148.00 |
| 72 | REST 01710-01711 | 06/23/08 | 06/23/08 | | | $15,200.00 |
| 73 | REST 01392-01394 | 12/01/04 | 04/27/05 | | | $866.00 |
| 74 | REST 01860-01861 | 02/01/06 | 10/24/07 | | | $1,482.00 |
| 75 | REST 01933-01936 | 08/09/04 | 03/25/08 | | | $186,310.00 |
| 76 | REST 01831-01834 | 08/10/04 | 03/19/08 | | | $1,608,917.00 |
| 77 | REST 01804-01807 | 04/19/04 | 11/14/08 | | | $330,000.00 |
| 78 | REST 01742-01744 | 04/07/06 | 07/05/07 | | | $10,300.00 |
| 79 | REST 01721-01722 | 01/19/05 | 01/18/06 | | | $126,516.00 |
| 80 | REST 00850-00851 | 09/11/06 | 10/09/08 | | | $310.00 |
| 81 | REST 00937-00938 | 09/11/06 | 02/09/07 | | | $889.00 |
| 82 | REST 00963-00964 | 09/27/05 | 09/27/05 | | | $738.80 |
| 83 | REST 01997-01998 | 05/21/08 | 10/02/08 | | | $4,200.00 |
| 84 | REST 00961-00962 | 03/06/03 | 12/10/03 | | | $4,005.00 |
| 85 | REST 00921-00929 | 12/09/05 | 02/07/06 | | | $296.00 |
| 86 | REST 01988-01990 | 11/04/04 | 11/30/05 | | | $3,701.00 |

# US v. Joseph Romano et al
## Victim Loss Summary

| V # | Loss Affidavit Bates Numbers | First Purchase | Last Purchase | Victim Last Name | Victim First Name | Determined Loss @24% |
|-----|------------------------------|----------------|---------------|------------------|-------------------|----------------------|
| 87 | REST 01820-01821 | 07/19/06 | 07/19/06 | | | $120.00 |
| 88 | REST 00672-00673 | 04/14/04 | 04/14/04 | | | $700.00 |
| 89 | REST 01327-01328 | 01/25/08 | 02/15/08 | | | $1,482.00 |
| 90 | REST 01012-01014 | 08/06/07 | 04/29/08 | | | $85,000.00 |
| 91 | REST 01642-01649 | 07/07/03 | 03/01/04 | | | $8,189.00 |
| 92 | REST 01814-01816 | 09/22/04 | 08/04/05 | | | $2,371.00 |
| 93 | REST 01322-01324 | 04/14/08 | 06/03/08 | | | $7,190.00 |
| 94 | REST 00875-00876 | 03/15/05 | 03/15/05 | | | $1,000.00 |
| 95 | REST 00931-00932 | 07/02/04 | 05/02/05 | | | $60,000.00 |
| 96 | REST 01652-01654 | 12/14/04 | 12/14/04 | | | $250.00 |
| 97 | REST 01945-01946 | 10/17/03 | 05/02/05 | | | $9,500.00 |
| 98 | REST 01914-01915 | 10/19/05 | 09/15/06 | | | $20,000.00 |
| 99 | REST 01757-01758 | 02/04/04 | 05/13/05 | | | $4,850.00 |
| 100 | REST 01424-01425 | 02/14/05 | 12/13/06 | | | $18,000.00 |
| 101 | REST 01421-01423 | 11/16/05 | 09/22/08 | | | $2,500.00 |
| 102 | REST 00976-00978 | 11/29/07 | 11/29/07 | | | $5,140.00 |
| 103 | REST 01706-01707 | 08/18/08 | 08/18/08 | | | $296.00 |
| 104 | REST 01723-01725 REST 01854-01859 | 04/07/08 | 10/29/08 | | | $17,571.00 |
| 105 | REST 01305-01306 REST 01655-01657 | 03/09/04 | 08/13/08 | | | $9,074.00 |
| 106 | REST 00827-00829 | 09/13/04 | 10/10/06 | | | $53,462.00 |
| 107 | REST 01727-01729 | 09/28/04 | 05/28/08 | | | $348,380.00 |
| 108 | REST 01366-01368 REST 01383-01384 | 04/16/03 | 04/09/04 | | | $62,335.00 |
| 109 | REST 01559-01597 | 07/21/04 | 05/28/08 | | | $634,080.00 |
| 110 | REST 01404-01412 REST 02048-02050 | 05/02/03 | 03/20/08 | | | $26,611.00 |

# US v. Joseph Romano et al
## Victim Loss Summary

| V # | Loss Affidavit Bates Numbers | First Purchase | Last Purchase | Victim Last Name | Victim First Name | Determined Loss @24% |
|---|---|---|---|---|---|---|
| 111 | REST 01020-01024 | 11/11/05 | 08/05/08 | | | $343,634.00 |
| 112 | REST 01228-01236 | 11/27/07 | 04/22/08 | | | $45,645.00 |
| 113 | REST 01817-01819 | 08/02/04 | 10/03/08 | | | $155,645.00 |
| 114 | REST 01037-01039 | 10/26/07 | 11/10/08 | | | $14,273.00 |
| 115 | REST 01864-01866 | 08/23/04 | 06/12/08 | | | $583,906.00 |
| 116 | REST 01771-01773 | 04/22/03 | 07/18/08 | | | $25,080.00 |
| 117 | REST 00830-00833 | 11/29/04 | 11/29/04 | | | $294.00 |
| 118 | REST 00670-00671 | 10/09/07 | 11/17/07 | | | $41,839.50 |
| 119 | REST 01025-10126 | 07/14/05 | 07/19/05 | | | $3,602.00 |
| 120 | REST 01397-01399 | 09/09/05 | 09/01/06 | | | $11,000.00 |
| 121 | REST 01958-01960 | 12/10/03 | 06/03/04 | | | $63,000.00 |
| 122 | REST 01698-01705 | 03/24/08 | 03/24/08 | | | $581.00 |
| 123 | REST 00590-00668 | 01/18/06 | 05/02/07 | | | $470,022.00 |
| 124 | REST 01733-01734 | 04/29/03 | 05/05/04 | | | $29,244.00 |
| 125 | REST 01947-01951 | 03/07/08 | 07/30/08 | | | $14,686.00 |
| 126 | REST 01778-01779 | 03/06/03 | 10/09/08 | | | $21,840.00 |
| 127 | REST 00939-00941 REST 00955-00960 | 11/24/03 | 04/07/08 | | | $88,071.90 |
| 128 | REST 01920-01923 | 02/08/08 | 02/08/08 | | | $290.00 |
| 129 | REST 00866-00870 | 05/18/04 | 06/15/04 | | | $3,400.00 |
| 130 | REST 01769-01770 | 10/26/02 | 05/27/03 | | | $2,480.00 |
| 131 | REST 00820-00822 | 04/14/04 | 04/14/04 | | | $148.00 |
| 132 | REST 01325-01326 | 10/18/05 | 12/20/06 | | | $121,000.00 |
| 133 | REST 00684-00784 | 08/31/05 | 08/01/07 | | | $2,903.00 |
| 134 | REST 01329-01364 | 01/12/05 | 01/18/07 | | | $23,503.00 |
| 135 | REST 01822-01823 | 06/29/04 | 10/24/08 | | | $300,000.00 |
| 136 | REST 00843-00849 | 12/31/02 | 05/11/04 | | | $42,552.00 |
| 137 | REST 01738-01741 | 12/23/04 | 08/07/08 | | | $37,825.00 |
| 138 | REST 01061-01064 | 09/24/04 | 05/02/07 | | | $139,741.00 |
| 139 | REST 01369-01370 | 10/06/04 | 01/04/08 | | | $1,026,524.00 |

US v. Joseph Romano et al
## Victim Loss Summary

| V # | Loss Affidavit Bates Numbers | First Purchase | Last Purchase | Victim Last Name | Victim First Name | Determined Loss @24% |
|---|---|---|---|---|---|---|
| 140 | REST 00948-00950 | 01/10/06 | 02/28/06 | | | $2,500.00 |
| 141 | REST 01058-01060 | 07/27/05 | 12/07/05 | | | $3,860.00 |
| 142 | REST 01999-02001 | 12/27/05 | 12/27/05 | | | $13,941.00 |
| 143 | REST 02002-02004 | 08/24/04 | 05/31/07 | | | $75,768.00 |
| 144 | REST 02051-02052 | 07/20/04 | 01/23/07 | | | $100,850.00 |
| 145 | REST 01400-01401 | 03/10/06 | 03/10/06 | | | $148.00 |
| 146 | REST 00734-00814 | 02/02/05 | 02/20/06 | | | $371,896.00 |
| 147 | REST 01991-01993 | 01/05/04 | 08/23/06 | | | $133,471.00 |
| 148 | REST 01985-01987 | 09/30/04 | 08/29/05 | | | $14,630.00 |
| 149 | REST 01009-01011 | 12/23/05 | 12/23/05 | | | $148.00 |
| 150 | REST 00836-00837 | 08/04/03 | 10/03/07 | | | $59,650.00 |
| 151 | REST 01971-01975 | 05/30/03 | 06/01/04 | | | $68,639.50 |
| 152 | REST 01826-01830 | 12/15/05 | 09/12/08 | | | $13,315.00 |
| 153 | REST 01390-01391 | 11/07/01 | 12/07/01 | | | $5,288.00 |
| 154 | REST 01798-01800 | 10/01/04 | 05/14/07 | | | $2,335.50 |
| 155 | REST 01237-01237 | 10/31/02 | 06/16/08 | | | $60,000.00 |
| 156 | REST 00873-00874 | 10/28/05 | 05/09/07 | | | $624.00 |
| 157 | REST 01967-01970 | 10/14/04 | 10/14/04 | | | $326.00 |
| 158 | REST 01952-01953 | 07/02/03 | 09/26/03 | | | $1,558.00 |
| 159 | REST 01994-01996 | 08/28/06 | 10/13/06 | | | $250.00 |
| 160 | REST 01886-01892 | 02/04/06 | 03/30/06 | | | $10,021.00 |
| 161 | REST 02053-02053 | 09/11/07 | 07/17/08 | | | $22,303.00 |
| 162 | REST 01004-01008 | 03/18/04 | 02/16/07 | | | $24,715.00 |
| 163 | REST 00512-00589 | 11/16/04 | 06/21/07 | | | $92,885.00 |
| 164 | REST 00979-00982 | 08/12/04 | 01/14/08 | | | $90,700.00 |
| 165 | REST 01001-01003 | 09/01/04 | 09/09/08 | | | $131,345.00 |
| 166 | REST 01458-01488 | 08/04/04 | 01/03/08 | | | $43,229.00 |
| 167 | REST 00863-00865 REST 01065-01071 | 02/08/07 | 05/29/08 | | | $256,979.00 |

# US v. Joseph Romano et al
## Victim Loss Summary

| V # | Loss Affidavit Bates Numbers | First Purchase | Last Purchase | Victim Last Name | Victim First Name | Determined Loss @24% |
|---|---|---|---|---|---|---|
| 168 | REST 01719-01720 | 09/12/07 | 11/08/07 | | | $600.00 |
| 169 | REST 01034-01034 REST 02054-02055 | 02/22/07 | 06/08/07 | | | $4,950.00 |
| 170 | REST 01015-01019 REST 02056-02059 | 12/01/06 | 08/21/07 | | | $32,186.00 |
| 171 | REST 01414-01417 | 10/17/05 | 04/03/07 | | | $12,000.00 |
| 172 | REST 01745-01748 | 03/07/03 | 11/13/08 | | | $444,645.00 |
| 173 | REST 01873-01875 | 07/02/04 | 10/04/04 | | | $4,200.00 |
| 174 | REST 01981-01984 | 10/22/07 | 09/18/08 | | | $114,148.00 |
| 175 | REST 01918-01919 | 07/21/08 | 07/21/08 | | | $1,500.00 |
| 176 | REST 00951-00954 | 04/05/04 | 05/21/04 | | | $38,000.00 |
| 177 | REST 01310-01319 | 10/12/05 | 02/19/07 | | | $983.00 |
| 178 | REST 00838-00839 | 01/03/05 | 12/02/05 | | | $1,248.00 |
| 179 | REST 01782-01784 | 12/12/05 | 01/10/08 | | | $172,000.00 |
| 180 | REST 01418-01420 | 04/21/03 | 05/17/04 | | | $77,623.00 |
| 181 | REST 00942-00943 | 06/08/06 | 05/06/08 | | | $45,000.00 |
| 182 | REST 01684-01686 | 01/20/05 | 06/25/08 | | | $106,643.00 |
| 183 | REST 00877-00879 | 05/19/03 | 05/22/08 | | | $76,692.00 |
| 184 | REST 01027-10129 | 04/11/03 | 12/10/03 | | | $11,644.00 |
| 185 | REST 01674-01675 REST 01965-01966 | 08/02/04 | 11/15/06 | | | $60,000.00 |
| 186 | REST 01662-01673 | 12/17/07 | 08/01/08 | | | $10,545.00 |
| 187 | REST 01787-01788 | 11/16/05 | 11/16/05 | | | $12,125.00 |
| 188 | REST 02062-02063 | 11/22/05 | 01/11/06 | | | $593.00 |
| 189 | REST 01238-01239 | 10/18/04 | 11/12/04 | | | $400.00 |
| 190 | REST 00936-00936 | 04/27/04 | 01/02/07 | | | $889.00 |
| 191 | REST 00674-00682 | 01/14/02 | 04/19/05 | | | $3,509.00 |
| 192 | REST 01916-01917 | 07/21/04 | 11/10/06 | | | $55,250.00 |
| 193 | REST 00727-00732 | 11/30/07 | 07/24/08 | | | $2,075.00 |
| 194 | REST 01792-01794 | 08/03/04 | 11/28/06 | | | $11,438.00 |

US v. Joseph Romano et al

## Victim Loss Summary

| V # | Loss Affidavit Bates Numbers | First Purchase | Last Purchase | Victim Last Name | Victim First Name | Determined Loss @24% |
|---|---|---|---|---|---|---|
| 195 | REST 01680-01681 | 03/11/05 | 08/24/06 | | | $81,510.00 |
| 196 | REST 01385-01386 | 03/02/04 | 12/05/06 | | | $5,000.00 |
| 197 | REST 00903-00920 | 03/27/06 | 07/12/06 | | | $8,953.00 |
| 198 | REST 02005-02010 | 02/27/06 | 10/17/08 | | | $493,630.00 |
| 199 | REST 01712-01713 | 02/14/06 | 02/14/06 | | | $114.00 |
| 200 | REST 01905-01909 | 12/16/04 | 04/29/05 | | | $593.00 |
| 201 | REST 01240-01304 | 03/13/06 | 12/15/08 | | | $396,730.00 |
| 202 | REST 01752-01754 | 02/10/04 | 10/29/08 | | | $90,000.00 |
| 203 | REST 01320-01321 | 05/11/04 | 12/27/08 | | | $1,232,000.00 |
| 204 | REST 01429-01432 REST 01810-01813 | 09/27/01 | 03/28/07 | | | $79,903.00 |
| 205 | REST 00815-00817 | 01/23/06 | 10/30/07 | | | $2,432.00 |
| 206 | REST 01042-01045 | 11/17/05 | 09/20/07 | | | $39,535.00 |
| 207 | REST 01759-01761 | 12/10/04 | 01/17/05 | | | $35,000.00 |
| 208 | REST 02089-02089 | 09/17/07 | 04/25/08 | | | $54,935.00 |
| 209 | REST 01910-01913 REST 02064-02085 | 11/24/03 | 02/20/04 | | | $70,634.00 |
| 210 | REST 01808-01809 | 11/03/03 | 06/04/04 | | | $75,000.00 |
| 211 | REST 01371-01373 | 03/18/05 | 11/04/08 | | | $525,470.00 |
| 212 | REST 01714-01715 | 04/12/05 | 04/12/05 | | | $560.00 |
| 213 | REST 00897-00901 | 07/30/04 | 11/17/06 | | | $26,600.00 |
| 214 | REST 01173-01227 | 11/01/04 | 10/04/06 | | | $455,397.00 |
| 215 | REST 01862-01863 | 08/29/07 | 11/10/08 | | | $8,000.00 |
| 216 | REST 01876-01885 REST 01940-01944 | 06/13/05 | 11/26/07 | | | $93,199.00 |
| 217 | REST 02086-02088 | 08/09/04 | 09/21/05 | | | $98,211.00 |
| 218 | REST 01426-01428 | 07/06/04 | 05/02/07 | | | $2,371.00 |
| 219 | REST 01381-01382 | 03/18/08 | 10/09/08 | | | $6,475.00 |
| 220 | REST 00880-00896 | 10/06/04 | 08/21/07 | | | $219,769.00 |
| 221 | REST 01776-01777 | 05/08/08 | 05/08/08 | | | $296.00 |

Page 8 of 9

US v. Joseph Romano et al

## Victim Loss Summary

| V # | Loss Affidavit Bates Numbers | First Purchase | Last Purchase | Victim Last Name | Victim First Name | Determined Loss @24% |
|-----|------------------------------|----------------|---------------|------------------|-------------------|----------------------|
|     |                              |                |               |                  |                   |                      |
| 222 | REST 01735-01737 | 05/08/06 | 07/14/06 | | | $300.00 |
| 223 | REST 01387-01389 | 12/27/04 | 10/21/08 | | | $500.00 |
| 224 | REST 01051-01052 | 08/22/06 | 11/01/08 | | | $6,270.00 |
| 225 | REST 01976-01977 | 08/18/05 | 04/25/08 | | | $170,150.00 |
| 226 | REST 01843-01844 | 11/27/07 | 11/05/08 | | | $22,320.00 |
|     |                  |          |          | | Total | $19,070,401.25 |

<u>Determining the Value of Victims Coins</u>

The following is an analysis of four victim's coins that were purchased from a Joseph Romano company(s) and revalued at September 2012 prices by the same experts that evaluated them during the course of the investigation:

| <u>Victim</u> | <u>Purchase Price</u> | <u>Appraised Value</u> | <u>Value to Price</u> | <u>Appraiser</u> |
|---|---|---|---|---|
| ████████ | $14,000 | $1,658 | 11.84% | John Albanese |
| ██████ | $280,355 | $45,524 | 16.23% | Anthony Swiatek |
| ███████ | $532,000 | $160,444 | 30.15% | John Albanese |
| ███████ | <u>$105,145</u> | <u>$12,260</u> | <u>11.66%</u> | Gary Adkins |
| <u>Totals</u>: | $931,500 | $219,886 | 17.47% | |

Weighted average to price:                23.60%
($219,886/$931,500)