**THE LAW OFFICE OF GARY KAUFMAN, PLLC**
ATTORNEY AT LAW
377 BROADWAY
8th, Floor
New York, New York 10013
(347) 855-9102  FAX (212) 202-7949

July 2, 2022

<u>Filed By ECF</u>

The Honorable Eric R. Komitee
United States District Judge
Eastern District of New York
Brooklyn Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *United States v. Joseph Romano*
        09-CR-170-EK

Dear Honorable Judge Komitee,

    I represent Joseph Romano, pursuant to a March 9, 2022 appointment under the Criminal Justice Act (CJA).  18 U.S.C. § 3006A.  Between May 25, 2022 and June 29, 2022, Mr. Romano has submitted several *pro se* motions with the Court seeking various different forms of relief. (Dkt. 755, 756, 757, 758, and 761).  On June 15, 2022, the Court denied the relief requested by Mr. Romano in his first four submissions, without prejudice, on the basis that Federal Rule of Criminal Procedure § 49(b)(4) requires that all motions on behalf of a represented defendant must be signed by the attorney of record.  Rather than sign the motions submitted by Mr. Romano, I, as counsel for Mr. Romano, am writing to separately request many of the forms of relief requested by Mr. Romano in his submissions.

## Communication From the Court

    As the Court is aware, Mr. Romano is currently incarcerated at USP Florence ADMAX, in Florence, Colorado, where he is serving two concurrent life sentences on 12-CR-691-JFK, to run consecutively to Mr. Romano's sentence in the instant matter.  While incarcerated, Mr. Romano is subject to Special Administrative measures.  While I have been in communication with Mr. Romano since permission was granted for me to communicate with him on April 26, 2022, I am not always able to transmit information to Mr. Romano in an expedient manner.  Calls with Mr. Romano need to be scheduled in advance and cannot occur on Fridays, weekends, or holidays.  As a result of the special administrative measures that Mr. Romano is under, although I have mailed all related and requested documents to Mr. Romano, it can take more than a week for him to receive what I have sent him.  Therefore, although I will continue to communicate all communications from the Court to Mr. Romano, including orders and decisions, I would additionally ask the Court to send all communication to Mr. Romano, in addition to posting them on the ECF system.

## Motion to Unseal

    On May 20 and 24, 2022, Mr. Romano submitted letters to the Court requesting that the Court unseal the sealed portion of his Docket, which counsel agrees may be necessary in furtherance on Mr. Romano's 28 U.S.C. § 2255 motion.

On June 8, 2011, the Ansanelli Law Group, LLC represented Mr. Romano in the instant matter, and requested permission to file a motion to withdraw as counsel under seal. (Dkt. 324)  This motion to withdraw was ultimately denied, after the Court accepted Magistrate Judge A. Kathleen Tomlinson's July 21, 2011 Report and Recommendation (Dkt. 338), recommending such denial.  In her Report and Recommendation, Magistrate Judge Tomlinson referred to the sealed motion to withdraw under Docket Entry 330 and a related email sent by Mr. Romano's wife, Karen, under Docket Entry 334. Additionally, Magistrate Judge Tomlinson stated that she conducted and *in camera* hearing on the motion to withdraw on June 23, 2011, the minute entry for which has been filed under seal.  (Dkt. 338, pg. 2).

The issue of whether Mr. Romano was denied his right under the Sixth Amendment of the United States Constitution to effective assistance of counsel, includes the right to representation that is free from conflicts of interest. *Woods v. Georgia,* 450 U.S. 261, 271 (1981).  There are three categories of conflict of interest: (1) *per se* conflicts; (2) actual conflict; and potential conflict. *Per se conflicts* cannot be waived and do not require a showing that the defendant was prejudiced by counsel's representation.  An actual conflict occurs when the interests of the defendant and his counsel "diverge with respect to a material factual or legal issue or to a course of action." *Cuyler v. Sullivan*, 446 U.S. 335, 356 n.3 (1980).  The third category of conflicts, is a potential conflict which arises if "the interests of the defendant may place the attorney under inconsistent duties at some time in the future." *United States v. Kliti*, 156 F.3d 150, 153 n3 (2d Cir. 1998).  To obtain habeas relief based on a claim of an actual conflict, the defendant must establish that the "conflict adversely affected his counsel's performance" but need not demonstrate prejudice.  *Mickens v. Taylor*, 535 U.S. 162, 168 (2002)("a conflict is "a conflict that affected counsel's performance-as opposed to a mere theoretical division of loyalties"); see *Cyler v. Sullivan,* 446 U.S. 335, 349-50 (1980).

Mr. Romano is unable to fully argue the details any conflict of interest between his former counsel and himself, and if it deprived him of his Sixth Amendment right to effective assistance of Counsel in furtherance of his motion under 28 U.S.C. § 2255, without the portion of his Docket that relates directly to the conflict between Mr. Romano and his counsel.  Therefore, we move this Court to unseal Docket Entry 330 and 334 and the minute entry and transcript of the June 23, 2011 hearing before Magistrate Judge A. Kathleen Tomlinson.

## Motion for a New Restitution Hearing

On May 25, 2022, the Court received a *pro se* motion from Mr. Romano for a new restitution hearing (Dkt. 755) based on the denial of certain rights during the initial restitution hearing held on July 15, 2014. (Transcript at Dkt. 614). Many of the arguments raised by Mr. Romano relate to the failure of the Court to appoint Mr. Romano an attorney after he made such a request at an April 16, 2014 hearing related to the issue of restitution.  (Dkt. 609, pg. 23, ln. 13-19).  As Mr. Romano states, in his letter, he was unable to appropriately represent himself in the restitution hearing from his jail cell, where he was unable to navigate and challenge the complex methodology, largely untested in his case, and accepted by the Court, from the related matter of *United States v. Michael Romano*, 09 CR. 168 (SJ).  Mr. Romano, while incarcerated was unable to properly access the transcript and files from that proceeding, as well as the related documents and reports from his own case, as he did not receive all of the documents sent to him and was only given limited time and means of research, nor did all of his submissions to the Court, including Mr. Romano's objections to Judge Vera M. Scanlon's Report and Recommendation (Dkt. 643), actually find their way to the courthouse and the record that this Court must now consider.  Mr. Romano voiced his concerns about his objections being returned to him, rather than entering the case record, in a letter filed, by the Court, on ECF on February 17, 2015. (Dkt. 648).

Additionally, and of great significance, it was impossible for Mr. Romano to research, interview, and retain an expert witness of his own, who could have challenged the methodology employed by the Government, while he was incarcerated and without income or counsel. Such an expert could have provided Mr. Romano with the basis to demand a hearing pursuant to Federal Rule of Evidence § 702, to challenge if the expert opinions that were accepted by Magistrate Judge Scanlon in the Report and Recommendation, from the July 15, 2014 Restitution Hearing (Dkt. 614) and in the evidentiary conclusions that the Court accepted from *United States v. Michael Romano*, 09 CR. 168 (SJ). The need for such a hearing, which Mr. Romano was unable to form the basis to demand or properly litigate without counsel, who could have assisted him in obtaining an expert witness, is readily apparent in the instant matter, where issues relating to whether the experts' "testimony [wa]s based on sufficient facts or data" and whether that testimony was "the product of reliable principles and methods," FRE § 702(b) and (c), are front and center. A defense expert could have argued, or at the very least evaluated and provided a basis for arguing, against a methodology of taking samples from four of the alleged victims and applying the tests from only those alleged victims' coins, which exhibited significant variation, to a total of 226 alleged victims, who neither testified in Court not had the veracity of their affidavits tested in any other manner. (Dkt. 614, pg. 27, ln. 9-23).

Counsel acknowledges that the Circuit Court has addressed Mr. Romano's claims that he was denied he Sixth Amendment right to the effective assistance of counsel in its decision, where that Court states that Mr. Romano had previously waived his right to counsel, such that it was no longer unqualified, under *United States v. Kerr,* 752 F.3d 206, 220 (2d Cir. 2014) and that he abandoned the request for counsel, as it relates to the matter of restitution. (Dkt. 740, pg. 7-8). The Circuit Court failed to address, however, whether even if Mr. Romano's basic right to assistance of counsel under the Sixth Amendment to United States Constitution was waived, if he was still able adequately present his position, such that he was not denied his right to due process of law. As the Circuit Court only addressed Sixth Amendment concerns, this Court should still order a new restitution hearing as to due process concerns related to Mr. Romano's inability to fully review all relevant documentation, obtain an expert, and submit his position to the Court, such that it would be timely received and considered. Our law states that even though "the Sixth Amendment's restrictions on judicial factfinding do not apply to proceedings setting restitution amounts… 'the due process clause is plainly implicated at sentencing,' and … defendants have a due process interest in paying restitution only for losses actually sustained by victims. *United States v. Gushlak*, 728 F.3d 184, 193 (2d Cir. 2013), quoting *United States v. Martinez*, 413 F.3d 239, 244 (2d. Cir 2005); *United States v. Zakhary*, 357 F.3d 186, 191 n.4 (2d Cir. 2004). The unintended consequences above, that resulted from the Court's failure to appoint counsel to Mr. Romano, effectively denied him the due process that the law demands such that the Court should reject Magistrate Judge Scanlon's Report and Recommendation, and order a new hearing, now that Counsel has been appointed, with the time needed to obtain an appropriate expert witness. Likewise, the Court should reject Magistrate Judge Scanlon's Report and Recommendation, on all of the grounds that have been raised by counsel for Vincent Romano and Kevin Wells, and make such rejection applicable to Joseph Romano, who should not be precluded from the benefit of such a decision as a result of the loss of his timely filed objections.

                                                    Sincerely,

                                                  /s/
                                          GARY M. KAUFMAN, ESQ.
                                          Attorney for Joseph Romano

cc:      All Parties of Record Via ECF
          Joseph Romano via U.S. Mail